### LAMBERT MOORE *vs.* HORACE L. HAZELTON.

If the guardian of a minor does not settle his accounts upon his ward's coming of age, and then, being largely indebted to him and being insolvent, executes to him, in the presence of an attesting witness, and with the intention to set it apart as the property of the ward, an assignment of a mortgage of real estate made to secure a less sum than his indebtedness to his ward, and retains possession thereof until after the institution of proceedings in insolvency by him, more than a year afterwards, when the same is taken by the assignee in insolvency, the ward may maintain a bill in equity against such assignee in insolvency, to compel the delivery of the assignment of the mortgage to him, although he was ignorant of its existence until after the commencement of the proceedings in insolvency.

BILL IN EQUITY, alleging that in October 1847 one Chamberlin was appointed by the probate court guardian of the plaintiff, then under age, and accepted and gave bonds for the discharge of his trust ; that he received in cash the sum of $6000 belonging

to the plaintiff, paid him the interest, but never any part of
the principal, and continued to act as guardian until the plain-
tiff became of age, and then owed him the sum of $6000;
that in June 1861 Chamberlain, as such guardian, being then
insolvent and unable to pay his debts and liabilities, knowing
that the plaintiff was of age, and being desirous of paying him
what was due him, and intending to set apart and apply a por-
tion of his own general assets in part payment of what was
due to the plaintiff and to be his property and to be held in
trust as a part of the fund which Chamberlain had originally
received, belonging to the plaintiff, by proper deeds of assign-
ment duly executed, assigned, for the purpose aforesaid, to the
plaintiff five recorded mortgages of real estate and the promis-
sory notes secured thereby, for the sum in all of about $2500.
The assignments were referred to in the bill, and upon inspection
appeared to have been " executed and delivered in presence of "
an attesting witness by Chamberlain on the 1st of May, and
acknowledged by him before a justice of the peace on the 3d
of June 1861.

The bill also alleged that in January 1863 Chamberlain ap-
plied for the benefit of the insolvent laws, and the defendant
was chosen assignee, and Chamberlain's estate duly assigned
to him ; that Chamberlain, having retained possession of these
mortgages, notes and assignments, in March 1863 caused the
assignments to be recorded in the registry of deeds, for the pur-
pose and with the intent aforesaid ; that the plaintiff early in
1863, when and as soon as these facts came to his knowledge,
assented to the assignments so made to him; and he submitted
that the mortgages and assignments were his property ; and
alleged that Chamberlain afterwards took the mortgages and
assignments from the registry, and held them with the notes in
trust for the plaintiff, and never, after making the assignments,
treated them as any part of his private assets, and did not de-
liver them as such to the defendant; but that the defendant
afterwards took and now had possession of them, claiming to
hold them as part of Chamberlain's general assets, and refused
to deliver them to the plaintiff.   The plaintiff submitted that he

was entitled to have them applied in payment of the fiduciary claim against Chamberlain, and prayed for a decree that they belonged to him as a trust fund set apart by the guardian from his general assets, that they might be subjected to the payment of his claim, and for an account, and for general relief.

The defendant, admitting the facts alleged, demurred generally to the bill for want of equity.

*D. E. Ware,* for the defendant. Chamberlain's undertaking to hold these mortgages on a trust cannot be enforced in equity, unless there was a valuable consideration therefor. 1 Story on Eq. § 793 *a,* and cases cited. *Ellison* v. *Ellison,* 6 Ves. 662. *Pulvertoft* v. *Pulvertoft,* 18 Ves. 84. The plaintiff never assented to such undertaking, until after Chamberlain's insolvency. There is no presumption that he would so assent. Before such assent was given, the right of others intervened and must prevail. *Russell* v. *Woodward,* 10 Pick. 408. *Edwards* v. *Mitchell,* 1 Gray, 241. *Hughes* v. *Stubbs,* 1 Hare, 478. Chamberlain never divested himself of the absolute control of the property. *Turner* v. *Nye,* 7 Allen, 176. *Dole* v. *Bodman,* 3 Met. 139. The defendant is in the position of a *bona fide* purchaser without notice. The plaintiff is in the position of a preferred creditor. Under these circumstances, a court of equity should not interfere in favor of the latter.

*P. C. Bacon,* for the plaintiff, cited Hill on Trustees, 88–99, 127–143, 165–171, and cases there cited; *Stapleton* v. *Stapleton,* 14 Sim. 186; *Turner* v. *Nye,* 7 Allen, 176.

GRAY, J. The relation of a guardian to his ward is not that of an ordinary trustee to his *cestui que trust;* but the title to the property is in the ward; the trust of the guardian consists in the control and management of the ward while under age, and of the property until he discharges himself of his duty by accounting for it according to law. If he continues in the possession and management of the property after the ward has come of age without settling his accounts, it is in effect a continuance of the guardianship as to the property. *Mellish* v. *Mellish,* 1 Sim. & Stu. 138. *Morgan* v. *Morgan,* 1 Atk. 489. Among the duties undertaken by a guardian on assuming his trust, as set forth in

the conditions of his bond, are, " at the expiration of his trust to settle his accounts in the probate court, or with the ward or his legal representatives, and to pay over and deliver all the estate and effects remaining in his hands or due from him on such settlement to the person or persons lawfully entitled thereto." Rev. Sts. *c.* 79, § 5. Gen. Sts. *c.* 109, § 16. If the guardian fails or neglects to account, the ward's only remedy against him, at law or equity, is upon this bond. *Brooks* v. *Brooks,* 11 Cush. 20, 21. *Conant* v. *Kendall,* 21 Pick. 36. And the settlement of an account out of court by the ward, on coming of age, does not prevent him from afterwards, within a reasonable time, citing the guardian to render an account before the judge of probate. *Wade* v. *Lobdell,* 4 Cush. 510. 2 Kent Com. (6th ed.) 229. In the case before us, although the ward was of age at the time of the execution of the assignments to him, the relation of guardianship, so far as property was concerned, still continued, because the guardian had not been discharged from his trust by accounting according to law. And his power and duty to separate the ward's property from his own, or to make good any part of it which he had lost or wasted, was the same after the ward had come of age as it had been during his minority. See *Yerger* v. *Jones,* 16 How. 37.

The assignments executed by Chamberlain to the plaintiff do not stand upon the footing of voluntary assignments; for the previous receipt of the ward's money and the fiduciary relation between the parties were a sufficient consideration. It appears by the original assignments (which there is nothing to contradict) that they were executed and delivered in the presence of an attesting witness in the form required by law to pass such property. As the title to the ward's estate was in him and not in the guardian, the evidence of the trust in the securities in question would properly be in the form, which was actually adopted, of an assignment to the ward himself, rather than a declaration of the trust upon which the guardian should continue to hold it for the ward's benefit. Yet so long as the guardian had not settled his accounts, but continued in the relation of guardian so far as related to property, he would

naturally keep these assignments, like other property of the ward, until he should account for them in the probate court. His retaining possession of the instruments of assignment was therefore in perfect accordance with the nature of his trust. When an instrument of conveyance is sealed and delivered, with an intention on the part of the grantor that it should operate immediately, and there is nothing to qualify the delivery but keeping the deed in the hands of the grantor, it is a valid and effectual deed, in law and equity; and execution of the deed in the presence of an attesting witness is sufficient evidence from which to infer a delivery. *Shelton's case,* Cro. Eliz. 7. *Doe* v. *Knight,* 5 B. & C. 671; S. C. 8 D. & R. 348. *Hope* v. *Harman,* 16 Q. B. 751, *n.* *Jeffries* v. *Alexander,* 8 H. L. Cas. 649, 667. *Hall* v. *Palmer,* 3 Hare, 532. *Fletcher* v. *Fletcher,* 4 Hare, 79, 80. *Bunn* v. *Winthrop,* 1 Johns. Ch. 329. *Scrugham* v. *Wood,* 15 Wend. 545. Proof of the ward's assent to these assignments was therefore unnecessary to give them effect.

The assignments to the ward having been made for a valuable consideration, and completed more than a year before the institution of proceedings in insolvency, the assignor's insolvency at the time of making the assignments to the ward is immaterial, and the assignee under those proceedings has no title to these securities as against the ward. *Demurrer overruled.*