[No. 8344.]

## KERN v. GUIRY BROS. WALL PAPER COMPANY.

1. MECHANICS LIEN—*Construction of Statute.* The statute is equitable in its nature, and to be liberally construed; but it is not to be extended by construction to cases not within its provision. (287.)

2. —— *Labor Furnished to a Contractor,* gives no lien for its value. (288.)

3. —— *Interest.* The owner of the premises upon which an improvement has been made by a contractor is not personally obligated to one providing materials to the contractor, either for the value thereof, or for interest thereon.

But if there remains in the hands of the property owner, moneys due the contractor sufficient to discharge both the value and interest, interest may be allowed out of such funds. (288.)

Interest is not to be allowed where the right of third persons will be injuriously affected. (288.)

*Error to Denver County Court.* Hon. W. C. HOOD, JR., Judge.

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Messrs. ZIMMERHACKEL & AVERY, Messrs. MORRISSEY & SCOFIELD, and Mr. JOSEPH J. WALSH, for defendant in error.

One Blume entered into a contract with Kern to decorate his residence. Blume being without capital with which to carry out his contract, entered into an agreement with the Wall Paper Company whereby the latter agreed to supply him with labor and material, by the terms of which he was. to pay the company for the labor and materials furnished.

The contract embraced other details which are not material to any question argued in the briefs of counsel. The company furnished materials and labor as agreed. Blume personally supervised and controlled the work; performed some of the actual labor; completed his contract, and shortly after its completion collected from Kern the full contract price, but did not pay the company anything for either labor or materials. The workmen furnished by the company were paid by it. Thereafter it filed a statement of lien and brought suit to foreclose. Judgment was rendered in its favor, decreeing a lien against the residence of Kern for the value of the labor and materials it furnished Blume, with interest from the date the account became due. Kern brings the case here on error.

GABBERT, C. J., delivered the opinion of the court.

Counsel for plaintiff in error appear to concede that a lien for material furnished might properly be allowed, but contend that it was error to allow a lien for labor furnished by the company. The act provides that persons performing labor upon a building or furnishing materials therefor, shall have a lien for the value of such labor and materials, and that every person given a lien, whose contract is with the owner, is a principal contractor, and all others sub-contractors. This means, so far as any question is presented, that those furnishing materials, or performing labor for an owner, or a principal contractor may have a lien, but the act does not provide, nor does it contemplate, that one contracting with the principal contractor to furnish him and pay for labor only, can enforce a lien for the money thus expended. The Mechanics' Lien Act is equitable in its nature and should be liberally construed, but cannot by construction be extended to cases not within its provisions. Its purpose is to protect persons performing labor, but it does not extend to those who merely furnish labor for the benefit of the contractor. Where one contracts with the principal contractor

to do some particular part of the work, and furnish material and labor for that purpose, he may be entitled to a lien for the value of both. That is what is held in the authorities cited by counsel for the Wall Paper Company, and we do not rule to the contrary. These authorities, from the facts, are in no sense applicable. The Wall Paper Company furnished material, and for its value is entitled to a lien, but as the statute nowhere provides, either in express terms or by necessary implication, that one simply furnishing labor for a contractor is entitled to a lien for the value of such labor, it follows that it was error under the facts of this case to allow the company a lien for the value of the labor which it furnished Blume.

The next question relates to interest. Interest is recoverable only in the cases enumerated in the statute. The lien act is silent on the subject. Kern is not personally liable for the materials purchased by Blume, consequently is not personally obligated to pay the Wall Paper Company interest on its account. If, however, the company is entitled to interest on the Blume account as against him, then the amount of such interest may be included in its judgment, provided the fund which Kern should have retained to satisfy liens for materials is sufficient to pay the account with interest. Interest is recoverable in such circumstances upon the theory that Kern does not pay the Wall Paper Company account out of his own money, but out of a fund which he should have retained. We also add the further proviso that interest should not be allowed where the rights of third parties would be injuriously affected.—*Hurd v. Tomkins,* 17 Colo. 294, 30 Pac. 247; *Stone Post Co. v. Corcoran,* 80 N. J. L. 549, 77 Atl. 1031.

The judgment of the County Court is reversed, and the cause remanded for a new trial and for further proceedings in harmony with the views expressed in this opinion.

*Judgment reversed and cause remanded.*

HILL, J., and TELLER, J., concur.