No. 11,860.

BANKERS BUILDING AND LOAN ASSOCIATION *v.* FLEMING BROTHERS LUMBER COMPANY, ET AL.

Decided February 27, 1928.

Action to foreclose mechanics' liens. Judgment for plaintiffs.

*Affirmed.*

1. MECHANICS' LIENS—*Owner of Property.* It is not necessary that the owner of property have the legal title to come within the provisions of C. L. § 6446, concerning mechanics' liens. Equitable ownership is sufficient.

2. TRUST DEED—*Title.* When the owner of property gives a trust deed thereon, his legal title is vested in the trustee and the equitable title or equity of redemption remains in the owner.

3. *Foreclosure—Title.* On sale under foreclosure of a trust deed, the owner thereafter has merely the statutory right to redeem and the right to possession of the premises until the expiration of the redemption period. The purchaser acquires an equitable title—defeasible by redemption within the statutory period—which carries with it the absolute right to a deed at the expiration of the redemption period, provided there has been no redemption in the meantime.

4.    *Foreclosure—Title.* The interest acquired by a purchaser at foreclosure sale under a trust deed is assignable and transferable.

5.    MECHANICS' LIENS—*Owner.* A purchaser at foreclosure sale under a trust deed becomes the owner within the meaning of C. L. § 6446, concerning mechanics' liens, and if he fails to give the statutory notice under the provisions of that section, his interest becomes subject to any mechanics' liens on the property, which also attach to the interest thereafter acquired by him through the trustee's deed.

6.    DEEDS—*Delivery—Trust Deed.* In a transfer of real estate, where the deed is executed and acknowledged and the parties understand that the grantor has divested himself of title and the grantee is invested with it, delivery will be considered complete, although the instrument itself remains in the hands of the grantor.

7.    *Trustee's Deed—Delivery.* Where the holder of a certificate of purchase under trustee's sale after the expiration of the period of redemption presents the certificate to the public trustee with demand for a deed and the deed is duly executed, there is a constructive delivery at the time of its execution and where possession of the deed thereafter is left with the public trustee, he holds it merely as custodian for the grantee.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. IRA C. ROTHGERBER, Mr. WALTER M. APPEL, for plaintiff in error.

Messrs. DANFORTH & KAVANAGH, for defendants in error.

*Department Two.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THE plaintiff in error, referred to in this opinion as the Association, seeks the reversal of a judgment subjecting its title to certain lots to the liens of The Fleming Brothers Lumber Company and others who furnished materials used in rebuilding a house and in erecting a double garage on the lots.

In 1922, I. L. Darby, who then owned the lots, borrowed $1,000 from the Association, and to secure the payment of his promissory note for that amount, payable to the Association, gave a deed of trust of the lots to the public trustee. Thereafter, Darby conveyed the lots to Connelly and others. On February 24, 1925, Darby having failed to make required payments, the public trustee sold the property at foreclosure sale. The Association purchased at the sale for the full amount secured by the deed of trust, and received from the public trustee a certificate of purchase. In March, 1925, which was after the Association purchased the property at the foreclosure sale and received its certificate of purchase, Connelly and his associates commenced to rebuild the house and to erect the garage. This work continued until some time in March, 1926, when it was completed. Upon the expiration of the period of redemption, that is to say, on November 26, 1925, the Association surrendered its certificate of purchase to the public trustee, who thereupon, and on the same day, executed and acknowledged a deed conveying the property to the Association. The deed was not actually handed to the Association until February 1, 1926; but there is no evidence that the Association asked for the deed between November 26, 1925, and February 1, 1926; and there is no claim that the deed would not have been handed to the Association upon request at any time after its execution. The deed was permitted to remain in the office of the public trustee until called for.

Section 6446, C. L., provides: "Any building * * * or other improvement mentioned in the preceding sections of this act, constructed, altered, added to, removed to or repaired, either in whole or in part, upon or in any land, with the knowledge of the owner or reputed owner of such land, or if [of] any person having or claiming an interest therein, otherwise than under a bona fide prior, recorded mortgage, deed of trust or other incumbrance, or prior lienor, shall be held to have been erected, constructed, altered, removed, repaired, or done at the

instance and request of such owner or person, but so far only as to subject his interest to a lien therefor as in this section provided; and such interest, so owned or claimed, shall be subject to any lien given by the provisions of this act, unless such owner or person, shall, within five days after he shall have obtained notice of the erection * * * or other improvement, aforesaid, give notice that his interests shall not be subject to any lien for the same * * *. Provided, * * * that the provisions of this section shall not be construed to apply to any owner or person claiming any interest in such property who shall have contracted for any erection, structure or improvement mentioned in this act.''

It is admitted that the Association did not give the statutory notice that its interest shall not be subject to any lien.

1. The defendants in error contend that the Association was the owner, within the meaning of the statute; and, therefore, as it failed to give the statutory notice, that its interests are subject to the liens. The Association makes the opposite contention. The Association either was the owner, within the meaning of the statute, or it was not. If it was the owner, its interest is subject to the liens; otherwise not. It is not necessary that the owner shall have the legal title in order to come within the provisions of the statute; equitable ownership is sufficient. When Darby gave the deed of trust, his legal title vested in the public trustee, and the equitable title, or equity of redemption, remained in Darby. *Stephens v. Clay,* 17 Colo. 489, 30 Pac. 43, 31 Am. St. Rep. 328. His subsequent deed to Connelly and his associates conveyed to them merely Darby's equitable title, or equity of redemption. The holders of such a title clearly are owners, within the meaning of the statute. That one who does not have the legal title may be the owner is recognized in section 6444, C. L., which provides that the lien ''shall extend to any assignable, transferable or conveyable interest of such owner * * * in the land

upon which such building, structure or other improvement shall be erected or placed    *    *    *.'' At the foreclosure sale, the public trustee sold, and the Association purchased, the equitable title, or equity of redemption, of Connelly and his associates, who thereafter had merely a statutory right to redeem from the sale, and a right to the possession of the premises until the expiration of the redemption period.  The equitable title thus acquired by the Association carried with it the absolute right to a deed from the public trustee at the expiration of the redemption period, provided there has been no redemption in the meantime.  In other words, the Association acquired an equitable title defeasible by a redemption within the statutory time.  That interest was assignable and transferable.  C. L., sec. 5058.

We hold that when it purchased at the foreclosure sale, the Association became the owner, within the meaning of the statute; and that, as it failed to give the statutory notice after it "obtained notice of the    *    *    *    improvement,'' its interest was subject to the liens.  By virtue of section 6444, C. L., the liens also attach to the interest thereafter acquired through the public trustee's deed. That section provides:  " *    *    *    and any lien provided for by this act shall extend to and embrace any additional or greater interest in any of such property acquired by such owner at any time subsequent to the    *    *    *    commencement of the work upon such structure and before the establishment of such lien by process of law.''

2.  Independently of the question whether or not the purchase at the foreclosure sale constituted the Association an owner, within the meaning of the statute, the judgment must be affirmed.  On November 26, 1926, the time for redemption having expired, the Association presented to the public trustee the certificate of purchase, and the public trustee thereupon executed his deed conveying the property to the Association.  It is claimed by the Association that there was no delivery until February 1, 1926, and, therefore, that title did not pass until

that date. There was constructive delivery and title passed on November 26, 1926. To make a delivery of a deed, it is not necessary that it should actually be handed to the grantee, or to another person for him. "Delivery may be effected by words without acts, or by acts without words, or by both acts and words. Whenever it appears that the contract or arrangement between the parties has been so far executed or completed that they must have understood that the grantor had divested himself of title, and that the grantee was invested with it, delivery will be considered complete, though the instrument itself still remains in the hands of the grantor." *Ruckman v. Ruckman,* 32 N. J. Eq. 259, 261; *Cannon v. Cannon,* 26 N. J. Eq. 316; *Moore v. Hazelton,* 91 Mass. 102; 1 Devlin on Real Estate (3d Ed.), secs. 260, 262, 278. In *Gould v. Day,* 94 U. S. 405, 412, 24 L. Ed. 232, Mr. Justice Field said that "while it is law that a delivery of a deed is essential to pass an estate, and there can be no delivery without a surrender of the instrument or the right to retain it, such delivery will be presumed, in the absence of direct evidence, from the concurrent acts of the parties recognizing a transfer of the title." In the present case, the presentation by the Association to the public trustee of the certificate of purchase was, in effect, a demand for a deed. The purchase price had been paid. The public trustee had no judgment or discretion or election to exercise in the matter. The statute (sec. 5059, C. L.) says that in such circumstances the public trustee "shall" execute a deed to the certificate holder. Having done so, the public trustee had no right to withhold it from the grantee, nor did he attempt to do so. Thereafter he held the deed merely as custodian for the Association. On November 7, 1925, the Association agreed in writing to sell the property and to give a warranty deed upon payment of a certain sum of money on or before December 29, 1925; and there is evidence that justifies the inference that after the execution of the deed the Association continued negotiations to sell the property, and otherwise

recognized its ownership. In fact and in law, it was the owner. The improvements were not completed until March, 1926. As the Association did not give the statutory notice necessary to exempt its interest from liens, that interest is subject to the liens decreed by the trial court.

Justice and the law require an affirmance of the judgment. The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS, and MR. JUSTICE CAMPBELL concur.