CREDIT FINANCE CORPORATION v.
HALE & PERRY, Inc., et al.

No. 788.

Circuit Court of Appeals, Tenth Circuit.
July 28, 1933.

Edward Miller, of Denver, Colo., for appellant.

Walter M. Appel, of Denver, Colo. (Ira C. Rothgerber, of Denver, Colo., on the brief), for appellees.

Before LEWIS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

LEWIS, Circuit Judge.

The Bankruptcy Court gave to mechanics' lien. claimants priorities over a purchase-money mortgagee, and the latter has appealed.

The heirs of George E. Hannan held title to two city lots in Denver, Colorado, and the estate was in process of settlement in July, 1931. By written contract on the 22nd day of that month the administrator sold the lots to Staton, subject to approval of the probate court, for the sum of $1500.00, of which sum Staton paid $50.00 down. On August 21st following the probate court ordered a sale of the lots, and in October following approved the sale to Staton, who received the administrator's deed on the 29th of that month, and at the same time and as a part of the same transaction Staton gave the mortgage and appellant paid over the $1450.00 to the administrator.

Early in October Staton took possession

358

of the lots, and under his direction the structures thereon were remodeled and enlarged into an apartment house. The materials and labor for that purpose were furnished at Staton's request. The work was begun early in October, and the change completed about the first of the following February.

The Colorado mechanics' lien statute, as a requisite to the creation of such a lien, requires that labor employed and the materials furnished shall be authorized by the owner of the premises, or by one who has an interest therein as owner. Colorado Comp. Laws 1921, § 6442 et seq. In this respect the Colorado Supreme Court has construed the statute as including an owner of an equitable title or interest in the premises. Bankers' B. & L. Ass'n v. Fleming Bros. Lumber Co., 83 Colo. 335, 264 P. 1087. Staton's contract with the administrator and his possession constituted him, in our opinion, an owner of an equitable title in October, 1931, when work was begun, and the statute provides that the lien attaches as of that date. The statute further provides (section 6444): "and any lien provided for by this act shall extend to and embrace any additional or greater interest in any of such property acquired by such owner at any time subsequent to * * * the commencement of the work upon such structure and before the establishment of such lien by process of law; and shall extend to any assignable, transferable or conveyable interest of such owner or reputed owner in the land upon which such building, structure or other improvement shall be erected or placed."

Equity regards an equitable estate as the real ownership, and the legal estate as a mere shadow.

Staton was adjudged bankrupt in April, 1932, and this controversy came on in the Bankruptcy Court when mechanics' lien claimants filed their claims there and asked that their priorities be fixed as against the improved premises or to the funds that might be realized therefrom in the event of sale. Appellant mortgagee asserted a preference over mechanics' lien claimants. The mortgage, designated a deed of trust, secured an indebtedness of $2500.00, but appellant's rights as a purchase-money mortgagee must be limited to $1450.00. Such a claimant is a favorite in equity, because its contribution procures the fund or estate in which others seek to share, and it is only equitable that it be first reimbursed, and others share only in the remainder. Emery v. Ward, 68 Colo. 373, 191 P. 99; Macintosh v. Thurston, 25 N. J. Eq. 242; Strong v. Van Deursen, 23 N. J. Eq. 369; Lamb v. Cannon, 38 N. J. Law, 362; New Jersey B., L. & I. Co. v. Bachelor, 54 N. J. Eq. 600, 35 A. 745; Saunders v. Bennett, 150 Mass. 48, 35 N. E. 111, 39 Am. St. Rep. 456; Weinstein v. Montowese Brick Co., 91 Conn. 165, 99 A. 488; Pacific Spruce Corp. v. Oregon Portland Cement Co., 133 Or. 223, 286 P. 520, 289 P. 489, 72 A. L. R. 1507; Warren Mortgage Co. v. Winters, 94 Kan. 615, 146 P. 1012, Ann. Cas. 1916C, 956; Stewart v. Smith, 36 Minn. 82, 30 N. W. 430, 1 Am. St. Rep. 651. But the devolution of title to real estate, and the acquisition of an interest therein, the modes of conveying or encumbering it, and the burdens that may be imposed upon it, within constitutional guaranties, are subject to the power of the state in which it is situated [Langdon v. Sherwood, 124 U. S. 74, 81, 8 S. Ct. 429, 31 L. Ed. 344; Arndt v. Griggs, 134 U. S. 316, 320, 321, 10 S. Ct. 557, 33 L. Ed. 918; Lynch v. Murphy, 161 U. S. 247, 16 S. Ct. 523, 40 L. Ed. 688; In re Barnett (C. C. A.) 12 F.(2d) 73, 76], and it seems clear to us that the legislature intended to subordinate the claims of purchase-money mortgagees to the claims of those having mechanics' liens, as applied to the facts of this case. Moreover the mortgagee knew the improvements were being made at the time it took the mortgage and handed the $1450.00 to the administrator. The act (section 6447) provides: "All liens, established by virtue of this act * * * shall relate back to and take effect as of the time of the commencement of the work upon the structure or improvement, and shall have priority over any and every lien or encumbrance subsequently intervening, or which may have been created prior thereto, but which was not then recorded, and of which, the lienor, under this act, did not have actual notice. Nothing herein contained, however, shall be construed as impairing any valid encumbrance upon any such land, duly made and recorded prior to * * * the commencement of work upon such improvement or structure." The statute thus subjects every lien or encumbrance to the effect of the recording act, except such of which the mechanic lienors had actual notice, as of the date of the commencement of the work. They are rendered noneffective as against such lienors, and are made subordinate to their rights.

The order of the Bankruptcy Court should be and is affirmed.