No. 22391.

KAIBAB LUMBER COMPANY, A COLORADO CORPORATION *v.* JACK M. OSBURNE, HELEN E. OSBURNE, FREMONT SAVINGS & LOAN ASSOCIATION, AND PUEBLO BANK AND TRUST COMPANY.
(464 P.2d 294)

Decided January 26, 1970.

Northcutt and Seccombe, James C. Seccombe, Jr. for plaintiff in error.

Lattimer, Robb and Naylor, Richard D. Robb, for defendants in error.

*In Department.*

Opinion by Mr. Justice Groves.

This was an action by Kaibab as a materialman to foreclose a lien in the amount of $1,093.46 under the Mechanic's Lien Law. The defendants in error Osburne were the owners of the real property sought to be charged with the lien. Kaibab did not prevail and came here on writ of error. We affirm.

On October 25, 1963, the Osburnes and a firm referred to as the contractor entered into a contract under the terms of which the contractor was to construct a dwelling for the Osburnes on a cost plus basis. The contract provided that the cost would not exceed $43,000, exclusive of the lot, carpeting and landscaping. The ultimate cost of the construction was $8,000 more than the stated limit. The contractor was later eliminated from the picture by reason of bankruptcy.

The contract called for a completion date of May 7, 1964, and the Osburnes moved into the dwelling on May

11, 1964. The contractor had ceased all work prior to that date and performed none thereafter. Kaibab filed its lien statement on September 1, 1964 and commenced its foreclosure action on December 1st of that year. The issue presented is whether there was timely filing of the lien statement. If as the Osburnes contend — and the court found — the dwelling was completed on May 11, 1964, the lien statement was not filed within the time required by statute. Kaibab submits that because work was performed during several months following May 11th in any one of three different areas — or a combination of them — the dwelling was not completed until a date considerably later than May 11th. Therefore, it argues that there was timely filing of the lien statement. These three areas of subsequent work were: (1) heating system; (2) fence; and (3) decorative trim.

Under the arrangement N. O. Nelson Company designed the hot water heating system and furnished the materials therefor. However, the contractor had the responsibility of installing the heating system. It did so and the system was operating a few months prior to May 11, 1964. On July 24, 1964, the Osburnes first complained about some noise in the heating system. On the latter date there was a meeting of unpaid creditors of the contractor. Apparently, the contractor was in bankruptcy by this time. The Osburnes then agreed to pay 80% of the unpaid accounts of the creditors present, and they accepted this in full settlement of their claims. Kaibab was not represented at the meeting and the Osburnes claimed that it was not until later that they learned of the Kaibab claim against the contractor. At this time it was agreed that $500 of the moneys to be paid by the Osburnes would be held in escrow, that N. O. Nelson Company would see that the noise was eliminated, and, after the heating system had operated for 30 days without noise, the $500 would be released. The noise was eliminated by the removal of air from the lines and by the substitution of another expansion tank. Adequate tests could not

be performed over the summer months. They were performed in the fall. On October 30, 1964, the funds were released from escrow.

Under the contract the contractor was to furnish materials for the construction of a fence, but the Osburnes were to construct it. The Osburnes constructed the fence after May 11th. Ornamental trim, which had been ordered but had not arrived, was installed by the Osburnes immediately after its arrival sometime following May 11th. There was some testimony about electrical work being performed after May 11th, but it appeared that this was for additional lighting not included in the contract.

The lien statute provides:

"Any trivial imperfection in, or omission from the said work, or in the construction of any building, improvement or structure, or of the alteration, addition to or repair thereof, shall not be deemed such lack of completion as to prevent the filing of any lien. In case of contractors, the occupation or use of the building, improvement or structure by the owner, or his representative, or any other person with the consent of the owner or his agent, or the acceptance by said owner or his agent of said building, improvement or structure, for the purpose of this article, shall be deemed conclusive evidence of completion. For the purposes of this article cessation from labor for thirty days upon any unfinished contract or upon any unfinished building, improvement or structure, or the alteration, addition to, or repair thereof, shall be deemed equivalent to a completion thereof." C.R.S. 1963, 86-3-9(8).

The court in effect found that the matters performed after May 11th were trivial imperfections or omissions. So far as the heating system is concerned, the court's ruling is further supported by the fact that the Osburnes did not make any objection for more than 2 months following May 11th resulting in a cessation of labor for more than 30 days. Under the statute this could be considered as

the "equivalent to a completion thereof" on May 11th. The evidence is sufficient to support the finding of triviality as to all matters. If all repairs and "fixing of bugs" following the construction of a house must precede "completion," "completion" of most houses would be delayed for years.

Kaibab urges *Stidger v. McPhee,* 15 Colo. App. 252, 62 P. 332 and *Curtis v. McCarthy,* 53 Colo. 284, 125 P. 109 as authority for the proposition that we should rule as a matter of law that the dwelling was not completed until long after May 11th. In each of these cases the trial court found that the uncompleted matters were not trivial and that until they had been finished these structures were not completed. Here the proposition is turned around: the trial court found completion on May 11th and, as stated, there was sufficient evidence to support the finding. *Boulder and White Rock Ditch and Reservoir Company v. City of Boulder,* 157 Colo. 197, 402 P.2d 71.

Judgment affirmed.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE LEE concur.