523 P.2d 137 (1974)
C & W ELECTRIC, INC., a Colorado corporation, Plaintiff-Appellee,
v.
CASA DORADO CORPORATION, a Colorado corporation, et al., Defendants-Appellants.
No. 73-230.
Colorado Court of Appeals, Div. II.
May 29, 1974.
David C. Wells, Boulder, for plaintiff-appellee.
Richard N. Doyle, Greeley, for defendants-appellants, Wayne H. Witt, Peggy J. Witt, The Empire Savings Building and Loan Association.
Selected for Official Publication.
ENOCH, Judge.
This appeal concerns the validity of a mechanic's lien for labor performed in the construction of a modular home. Plaintiff-appellee, C&W Electric, Inc., (C&W), is the lien claimant. Defendants-appellants Wayne H. Witt and Peggy J. Witt are the owners of the property against which the *138 lien is claimed and on which Empire Savings Building and Loan Association (Empire) holds a first deed of trust. The other named defendants are not involved in this appeal. The contractor, Casa Dorado Corporation, did not appear in the action and a defulat judgment for $813, the full amount of C&W's claim, was entered against it. On an agreed statement of facts, the trial court determined that C&W had a first and prior mechanic's lien on the Witts' property for the full amount of the judgment. We reverse and remand for further proceedings.
Casa Dorado Corporation is engaged in the business of building modular homes at its factory in Berthoud, Colorado. A modular home is manufactured in the factory in components (modules) which are then shipped to a site for final assembly. C&W was employed by Casa Dorado to do the electrical work in the homes. C&W performed the rough-in electrical work while the units were in the factory. After the home was sold, moved to the site of the purchaser and assembled, C&W completed the electrical installation. Each modular unit was separately identified by number. C&W was paid a fixed price for each type of electrical opening installed in a particular home. The placement of electrical openings was governed by plans furnished to C&W by Casa Dorado. After completion of all electrical work, C&W submitted to Casa Dorado a bill based on the number of openings in the particular unit. Thus, C&W can accurately trace the amount of labor performed on any given home.
Between the latter part of October 1971 and February 18, 1972, C&W completed 50 to 60% of the electrical work in the unit which was ultimately placed on the property in question. On February 24, 1972, Clyde L. Davis (predecessor in title to the Witts) signed a contract with Casa Dorado for the purchase of this unit, which Davis observed in the factory in its unfinished state. Between February 24, 1972, and March 10, 1972, the home was moved to and assembled on Davis' site in Greeley, Colorado. The electrical work was completed by C&W at the site between May 1 and May 4, 1972. Subsequently C&W submitted its statement to Casa Dorado for the total cost of the electrical work. When Casa Dorado did not pay, C&W recorded its lien statement on the property, filed a notice of lis pendens, and initiated this lien foreclosure action. At the time the action was commenced, title to the property had been conveyed by Davis to the Witts.
At oral arguments before this court the parties agreed that C&W had a valid mechanic's lien for labor performed after the house was assembled on site. The only issue to be resolved is whether work done by C&W in the factory, prior to Davis' purchase of the unit, is lienable.
Colorado's mechanic's lien statute, 1965 Perm.Supp., C.R.S.1963, 86-3-1, provides:
"(1) [A]ll persons of every class, performing labor upon or furnishing... materials to be used in construction... of any building... or any other structure or improvement upon land ... shall have a lien upon the property upon which they have ... bestowed labor... for the value of such... labor done ... whether at the instance of the owner, or of any other person acting by his authority or under him, as agent, contractor, or otherwise... and every contractor,... subcontractor, builder, agent or other person having charge of the construction... shall be held to be the agent of the owner for the purposes of this article."
This statute affords additional security to protect persons whose labor or materials enhance the value of real property. Jackson v. A.B.Z. Lumber Co., 155 Colo. 33, 392 P.2d 288. By granting to persons who fall within its provisions an in rem recovery against the land, the statute creates an alternative remedy which is broader than an in personam contract action. Colorado *139 courts have held that the statute is to be construed liberally in favor of lien claimants. 3190 Corporation v. Gould, 163 Colo. 356, 431 P.2d 466; Kobayashi v. Meehleis Steel Co., 28 Colo.App. 327, 472 P.2d 724. However, it is incumbent upon the claimant to prove that he is entitled to the benefits of the statute. See Kern v. Guiry Bros. Wall Paper Co., 60 Colo. 286, 153 P. 87; American Factors Associates, Ltd. v. Triangle Heating & Sheet Metal Co., 31 Colo.App. 240, 503 P.2d 163.
In this case, C&W did perform labor on materials used in the construction of a building. However, a crucial element essential to the establishment of a mechanic's lien is absent from C&W's claim based on work done in the factory. Such work was not performed "at the instance of the owner or any other person acting by his authority."
At the time C&W contracted with Casa Dorado and at the time the labor for which the lien is claimed was performed, no owner of real property had requested, either directly or indirectly, that the work be done. "It is ... the affirmative contractual relation of the owner of the property to the improvement made or work performed upon which the claimant's right to the lien is based ...." Stewart v. Talbott, 58 Colo. 563, 146 P. 771. "The right to the lien must be created at the time or before the material [or labor] is furnished. It cannot be created afterward." Tabor-Pierce Lumber Co. v. International Trust Co., 19 Colo.App. 108, 75 P. 150.
Nor can Casa Dorado be considered a statutory agent for the owner. When C&W performed work in the factory, the purchaser of the unit and the land on which it was to be placed had not yet been identified. Therefore, Casa Dorado was incapable of making a contract which would create a lien on the property in question.
Counsel for C&W argues that if Casa Dorado owned the lot at all times during construction and if this particular unit were destined for that lot, C&W would be entitled to a lien on the land. Without commenting on the merits of this argument, we note that there is no evidence in the record that Casa Dorado owned the lot in question during construction of the modular home. As discussed above, C&W, as lien claimant, had the burden of proving facts which entitled it to statutory protection. If facts necessary to its recovery are not in the record, C&W has failed to sustain its burden. We hold that, under the circumstances presented by the record, C&W is not entitled to a mechanic's lien on the real property for work done on the modular home at the factory.
The judgment awarding C&W a lien for the total amount of work done is reversed, and the cause remanded with directions to determine the value of work done by C&W on the home at the site, and to enter judgment awarding C&W a lien on the property for that amount.
SILVERSTEIN, C. J., and COYTE, J., concur.
Judgment reversed and cause remanded with directions.