**SKILLSTAFF OF COLORADO, INC., a Colorado corporation, Plaintiff–Appellant,**

**v.**

**CENTEX REAL ESTATE CORPORATION, a Nevada corporation and Public Trustee for Douglas County, Defendants–Appellees.**

No. 97CA0085.

Colorado Court of Appeals,
Div. II.

May 14, 1998.

Rehearing Denied July 16, 1998.

Certiorari Denied April 12, 1999.

Brega & Winters, P.C., Brian A. Magoon, Peter A. Gergely, Denver, for Plaintiff–Appellant.

Randall J. Paulsen & Associates, P.C., Randall J. Paulsen, Westminster, for Defendant–Appellee Centex Real Estate Corporation.

No Appearance for Defendant–Appellee Public Trustee for Douglas County.

Opinion by Judge TAUBMAN.

In this action to foreclose on a mechanic's lien claimed on property owned by defendant, Centex Real Estate Corporation, (Centex), plaintiff, Skillstaff of Colorado, Inc. (Skillstaff), appeals the summary judgment entered dismissing its claim. We affirm.

Centex, the owner and general contractor for a housing development, entered into an agreement with a framing company, OMJR, Inc. (OMJR). By the agreement, OMJR became a framing subcontractor for residences being built by Centex.

Thereafter, OMJR entered into an agreement with Skillstaff, a temporary personnel agency, under which Skillstaff was to provide laborers to OMJR. It is undisputed that the work performed by the laborers furnished to OMJR by Skillstaff benefited the real estate, and Centex paid OMJR for work performed. However, OMJR failed to pay Skillstaff. Nevertheless, Skillstaff paid its laborers their salary and thereafter filed the notice of mechanic's lien at issue here.

**I.**

Skillstaff contends that the trial court erred as a matter of law in concluding that it could not enforce a mechanic's lien against Centex. More specifically, Skillstaff argues that the trial court erred in determining that *Kern v. Guiry Brothers Wall Paper Co.*, 60 Colo. 286, 153 P. 87 (1915) is dispositive. We disagree.

Summary judgment is a drastic remedy and should be granted only upon a clear showing that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336 (Colo.1988).

When reviewing a motion for summary judgment, we must give the nonmoving party the benefit of all favorable inferences that may be drawn from the facts. *Holland v. Board of County Commissioners*, 883 P.2d 500 (Colo.App.1994). Also, review of a judgment granting a motion for summary judgment is *de novo. Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board*, 901 P.2d 1251 (Colo.1995).

The mechanics' lien statute should be construed in a liberal and comprehensive manner in favor of lien claimants, but it must be strictly construed in determining whether the right to a lien exists. *Chambers v. Nation*, 178 Colo. 124, 497 P.2d 5 (1972).

The purpose of the mechanics' lien statute is to protect those persons performing labor, but it does not extend to those who merely furnish labor, as explained below, for the benefit of a contractor. *Kern v. Guiry Brothers Wall Paper Co., supra.*

The *Kern* court, interpreting a predecessor statute to § 38–22–101(1), C.R.S.1997, held, in circumstances similar to those present here, that the trial court erred in allowing a lien against property owned by Kern, for labor furnished by the Wall Paper Company to another party, Blume. More specifically, Blume entered into a contract with Kern to decorate his residence. Thereafter, Blume entered into a contract with the Wall Paper Company, whereby the Wall Paper Company agreed to supply Blume with labor and material for the Kern project. Blume personally supervised the work, performed some of the actual labor, completed his contract, and collected from Kern the full contract price. Blume, however, did not pay the Wall Paper Company for either the labor or materials pursuant to the agreement.

Here, the trial court concluded that *Kern* was dispositive of Skillstaff's claim for a mechanic's lien. We agree with the trial court.

As in *Kern*, here, as subcontractor, OMJR entered into an agreement with Skillstaff to supply labor. Further, like the subcontractor in *Kern*, OMJR received full payment from the contractor, Centex, but did not honor its agreement with Skillstaff. Also, as in *Kern*, the persons who provided the labor were paid the full amount of their wages.

Under these circumstances, as the *Kern* court concluded:

The mechanics' lien act is equitable in nature, and should be liberally construed, but cannot by construction be extended to cases not within its provisions. Its purpose is to protect persons performing labor, but it does not extend to those who merely furnish labor for the benefit of the contractor.

*Kern v. Guiry Brothers Wall Paper Co., supra,* 60 Colo. at 286, 153 P. at 87.

Notwithstanding Skillstaff's contention to the contrary, we do not read *Kern* as establishing a distinction between those who "furnish" labor and those who "perform" labor. Rather, the *Kern* court, in concluding that the Wall Paper Company was not entitled to a mechanic's lien, distinguished between those who furnish labor pursuant to a contract to do "some particular part of the work" and those who merely furnish labor for the benefit of the contractor. *Kern v. Guiry Brothers Wall Paper Co., supra,* 60 Colo. at 286, 153 P. at 87. Thus, those individuals who physically provide labor in the construction of a building may assert mechanics' liens, while those who provide laborers to a subcontractor without assuming any responsibility for performing the work on the project may not. This reading is consistent with subsequent case law. *See C & W Electric, Inc. v. Casa Dorado Corp.,* 34 Colo.App. 117, 523 P.2d 137 (1974) (right to lien must be created at the time or before labor is furnished, not afterward).

Skillstaff relies on *3190 Corp. v. Gould,* 163 Colo. 356, 431 P.2d 466 (1967). The opinion in that case does not mandate a different result. There, the owner of an apartment building, after exhausting his financial resources, conveyed property still under construction to a trustee. Unlike the circumstances here, the plaintiffs in *3190 Corporation* purchased material and furnished labor to finish construction on the building by agreement with the trustee. Upon a challenge to the plaintiffs' standing to assert the mechanic's lien, the supreme court concluded that the plaintiffs were entitled to a mechanic's lien against the property because they were contractors actually in the

business of construction and, therefore, within the class of persons defined by the statute.

*T.K. Kobayashi v. Meehleis Steel Co.,* 28 Colo.App. 327, 472 P.2d 724 (1970), also relied on by Skillstaff, likewise does not require a contrary result. There, another division of this court concluded that any person who agrees to perform a substantial, specified portion of the work of construction of a given building pursuant to a general construction contract is a subcontractor or an owner's statutory agent and, thus, is entitled to assert a mechanic's lien against the property. More specifically, the subcontractor and lienor in *Kobayashi* agreed to perform a definite, substantial part of the work of improvement in accord with the contract. Thus, unlike here, the subcontractor assumed the responsibility for performing a particular part of the work, and thus, was entitled to a mechanic's lien.

In sum, we conclude that *Kern v. Guiry Brothers Wall Paper Co., supra,* is dispositive of the controversy here and that a temporary personnel agency is not an entity which has a right to assert a mechanic's lien. Insofar as Skillstaff contends that *Kern* was wrongly decided, we are not free to depart from its holding.

## II.

In the alternative, Skillstaff argues that *Kern v. Guiry Brothers Wall Paper Co., supra,* is no longer good law because the General Assembly has amended the mechanics' lien statute numerous times subsequent to the supreme court's decision in that case. Again, we disagree.

Section 38–22–101(1), C.R.S.1997, provides in pertinent part:

Every person who supplies machinery, tools, or equipment in the prosecution of the work, and mechanics, materialmen, contractors, subcontractors, builders, and all persons of every class performing labor upon or furnishing directly to the owner or persons furnishing labor materials to be used in the construction ... either in .whole or in part ... shall have a lien upon the property....

■ The General Assembly is presumed to be aware of judicial construction of our stat-

 

utes. When it reenacts or amends a statute and does not change a section previously interpreted by settled judicial construction, it is presumed that it agreed with the judicial construction of the statute. *See Tompkins v. DeLeon,* 197 Colo. 569, 595 P.2d 242 (1979).

■ Here, although the language of the mechanics' lien statute has undergone amendment since the *Kern* decision, the operative language at issue here is substantially the same as it appeared in the statute in 1915. The prior statutory language was as follows:

> Mechanics, Material-men, contractors, subcontractors, builders, and all persons of every class performing labor upon or furnishing materials to be used in the construction ... either in whole or in part, of any building ... shall have a lien upon the property....

Colo. Sess. Laws, 1899 ch. 118 § 1 at 261.

Thus, because the General Assembly has repeatedly amended the mechanics' lien statute since 1915 but did not significantly change the above-quoted language, it is presumed to have agreed with the supreme court's construction in *Kern, supra.*

■ Finally, because it was not raised in the trial court, we decline to address Skillstaff's contention that, despite the supreme court's ruling in *Kern,* summary judgment was improper here because, when construed as a whole, the mechanics' lien statute does not differentiate between those who perform labor and those who furnish, provide, or supply labor. *See Williams v. Farmers Insurance Group, Inc.,* 781 P.2d 156 (Colo.App. 1989), *aff'd,* 805 P.2d 419 (Colo.1991) (counsel must have made particular argument at trial to preserve it for appellate review); *Minto v. Lambert,* 870 P.2d 572 (Colo.App.1994) (an appellate court will not consider an appellant's arguments attacking the judgment when those arguments are made for the first time on appeal).

Judgment affirmed.

Judge CRISWELL and Judge JONES concur.