THE KERITE COMPANY *v.* CITY OF NORWALK ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 154047
AT BRIDGEPORT

Memorandum filed May 21, 1975

*Pullman, Comley, Bradley & Reeves,* for the plaintiff.

*Leonard E. Trojanowski, Jr.,* for the named defendant.

*Cohen & Wolf,* for the defendant Allied Engineering and Construction Company, Inc., et al.

BERDON, J. This is an action brought by the plaintiff to recover damages for certain materials

supplied for the construction, modification, and alteration of a water pollution control plant. The plant was owned by the defendant city, which contracted with the defendant Allied Engineering and Construction Company, Inc., which, in turn, subcontracted a portion of the job to the defendant Nutmeg Cable Company, Inc. The plaintiff furnished materials for the project to Nutmeg Cable Company, Inc. Allied, pursuant to General Statutes § 49-41, as principal, and the defendant Hartford Accident and Indemnity Company, as surety, issued a bond agreeing to be jointly and severally bound in the sum of $7,602,550 for the benefit and protection of persons supplying material used in the performance of the work to be done.

Before the court is the city's demurrer to the complaint, claiming that the plaintiff has not alleged a cause of action against it. Construing this one count complaint most favorably to the plaintiff, as the court must; *Rossignol* v. *Danbury School of Aeronautics, Inc.*, 154 Conn. 549, 557; the court finds that the plaintiff's sole claim for damages against the city is based on the theory of quantum meruit.

Therefore, the sole issue raised by the demurrer is whether the plaintiff has a cause of action for quantum meruit against the city when a surety bond has been furnished for its protection pursuant to General Statutes § 49-41 entitled "Public structures. Bonds for protection of employees and materialmen." That statute provides, in part: "Before any contract exceeding one thousand dollars in amount for the construction, alteration or repair of any public building or public work of the state or of any subdivision thereof is awarded to any person, such person shall furnish to the state or such subdivision a bond in the

amount of the contract which shall be binding upon the award of the contract to such person, with a surety or sureties satisfactory to the officer awarding the contract, for the protection of persons supplying labor or materials in the prosecution of the work provided for in such contract for the use of each such person. . . ."

Before answering the question, it will be helpful to review the evolution of that statute. In *National Fireproofing Co.* v. *Huntington,* 81 Conn. 632, the Supreme Court held that subcontractors and materialmen could not claim the benefit of mechanic's lien laws for materials furnished and services rendered in the construction of public buildings and the like. Thereafter, the Supreme Court ruled that the commonly used contract clause authorizing the governmental unit to retain sums for the protection of subcontractors and materialmen did not impress a trust in their favor in preference to the general creditors of the prime contractor. "Therefore laborers and materialmen upon public buildings and works were relegated to recovery from the contractor alone, and exposed to a like difficulty or impossibility of obtaining payment from him which inspired the enactment of mechanic's lien statutes, but were deprived of the means of obtaining security which was available, under those statutes, to those furnishing labor and materials in construction work for private owners." *Pelton & King, Inc.* v. *Bethlehem,* 109 Conn. 547, 552. Legislation was subsequently enacted requiring that the prime contractor furnish a bond with surety for the protection of subcontractors and materialmen. Thus, General Statutes § 49-41 evolved after several amendments were made during the course of the years. The purpose of the statute is crystal clear. "Beyond this, the interpretation of the statute must be approached on the premise that the purpose

of the bond under § 49-41 is to facilitate the expeditious and uninterrupted completion of public works by furnishing a means through which suppliers of labor and material in the prosecution of the work are afforded protection in extending credit to contractors. The intended beneficiaries are the public, the laborers and the materialmen rather than the surety or the principal contractor." *International Harvester Co.* v. *L. G. DeFelice & Son, Inc.,* 151 Conn. 325, 333.

The language of that statute, together with General Statutes § 49-42, which provides for the procedure to enforce the remedy, is modeled after the federal law popularly known as the Miller Act, 49 Stat. 793; 40 U.S.C. §§ 270 a–d (1970). It is, therefore, reasonable to conclude that the legislature intended §§ 49-41 and 49-42 to operate in general conformity with the Miller Act. "An apparent kinship between our own and the federal statutes of similar purpose, however, leads us to decisions of the federal courts for precedent." Id., 331.

If an appropriate bond is furnished under the provisions of the Miller Act, subcontractors and materialmen have no claim based on quantum meruit against a governmental body in the absence of privity. *United States* v. *Munsey Trust Co.,* 332 U.S. 234, 241; *H. W. Caldwell & Son, Inc.* v. *United States ex rel. John H. Moon & Sons, Inc.,* 407 F.2d 21, 23; *Warrior Constructors, Inc.* v. *Harders, Inc.,* 387 F.2d 727, 729. "If the subcontractor is not paid, his only remedy is a suit under the Miller Act. He has no lien and no claim against the Government. This is the reason for the Act . . . ." *United States* v. *Cleveland Electric Co. of South Carolina,* 373 F.2d 585, 588. "Nor does . . . [the subcontractor] have any claim in contract, quasi contract, implied contract or quantum meruit. There is no privity

essential to the establishment of a contract claim, and a quantum meruit suit does not lie." *Kennedy Electric Co.* v. *United States Postal Service,* 367 F. Sup. 828, 833.

It would appear to this court that our legislature also intended that when a town complies with General Statutes § 49-41, the subcontractor and materialman who have no privity with the town cannot proceed against the town based on quantum meruit. In such a case, the legislature has made available the remedy under General Statutes § 49-42 to protect their interests.

In the present case, a bond was furnished pursuant to § 49-41. Accordingly, the demurrer of the defendant city of Norwalk to the complaint is sustained.