[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The City of Waterbury and the Waterbury Development Agency entered into a contract with J. H. Hogan, Inc. (a non-party) for the construction of a parking garage. Pursuant to Connecticut General Statutes Section 49-41, J. H. Hogan furnished a bond to the City of Waterbury. See: exhibit to motion for summary judgment.
The plaintiff James T. Kay Co. was a subcontractor on the garage construction project, providing both materials and services. (Amended complaint paragraphs 3, 4) Plaintiff claims that it is now owed money on the project, and instituted this two count action. The first count alleges quantum meruit against the W.D.A., while the second count pleads quantum meruit against the City of Waterbury.
Defendant WDA moves for summary judgment on count one, arguing that as a subcontractor, plaintiff's sole remedy is a suit on the bond. WDA has filed a copy of the bond as well as an affidavit of the WDA's executive director.
Plaintiff has objected and submitted the affidavit of an employee of James T. Kay Co., stating the amount allegedly owed to it.
Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Connecticut Practice Book Section 384 (rev'd to 1978 as updated to October 1, 1990): United Oil Co. v. Urban Redevelopment Comm. 158 Conn. 364, 378 (1969). CT Page 6874
Prior to the enactment of the provisions which are at issue, municipalities were subject to the claims of materialmen and subcontractors who were not paid by the general contractors. Pelton King v. Town of Bethlehem, 109 Conn. 547 (1929).
Subsequently, the legislature enacted Connecticut General Statutes Sections 49-41 et seq. which required a general contractor performing municipal work to furnish a surety bond to protect subcontractors and materialmen. 37 Conn. Bar J. at 217 (1963). This statutory enactment is "patterned after and operate[s] in general conformity with the federal statutes popularly known as the "Miller Act" 40 U.S.C. § 270a through 270e. Nor'easter Group, Inc. v. Colossale Concrete, Inc., 207 Conn. 468,476 N. 7 (1988). Section 49-42 provides a mechanism whereby a subcontractor may bring a suit on a bond furnished pursuant to Section 49-41. Id. at 479.
Our federal courts have interpreted the provisions of the Miller Act to preclude a subcontractor or materialman from bringing an action in quantum meruit against a governmental body where an appropriate bond had been furnished by the general contractor. United States v. Munsey Trust Co., 221 U.S. 234, 241
(1947). See also, Active Fire Sprinkler Corp. v. U.S. Postal Service, 811 F.2d 747, 752 (2nd Cir. 1987): See Generally 7 Am.Jur. Trials Section 2 at 285 (1964).
The court is satisfied on the record before it that the City of Waterbury has complied with the provisions of Section 49-41, and therefore an action in quantum meruit does not lie as against the WDA, a municipal organization established pursuant to Waterbury City Charter Section 21-8g et seq. (1957).
In so ruling, we express agreement with the court's reasoning in Kerite Co. v. Norwalk, 32 Conn. Sup. 168 (Super.Ct. 1975).
Motion for summary judgment #111 granted.
So ordered.
LANGENBACH, J.