[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons and complaint, dated July 7, 1993, the plaintiff, Wade Weischet, brought this action in five counts, naming as defendants; A. Prete and Son Construction Co., Inc. (Prete); The Aetna Casualty and Surety Company (Aetna) and the Town of East Haddam (Town).
Count one, against Prete and Aetna, seeks recovery on a payment bond pursuant to Gen. Stat. Sec. 49-42. CT Page 12039
Count two, against Prete, seeks damages for breach of contract.
Count three, against Aetna, claims damages caused by unfair deceptive acts or practices in the conduct of insurance and bonding business. The plaintiff cites Gen. Stat. Secs. 42-110a, et seq., 42-41 through 49-43, 38a-815 and 42-100g.
Count four, against Prete, Aetna and the town, claims recovery under the doctrine of unjust enrichment and implied contract.
Count five, against Prete and Aetna claims damages for breach of the implied covenant of good faith and fair dealing.
On October 13, 1993, the defendants Prete and Aetna filed their answers, special defenses and counterclaim. The special defenses allege unclean hands, laches and failure of the plaintiff to comply with Statutory provisions of Gen. Stat. Sec.49-41 et seq.
The counterclaim, in four counts, alleges breach of contract, damage to reputation and financial standing, negligence and willful, wanton, reckless, malicious and oppressive acts on the part of the plaintiff.
On November 22, 1993, the town filed its answer to the fourth count of the plaintiff's complaint, a special defense alleging lack of privity, and a cross claim in three counts alleging; in count one, as to Prete and Aetna, failure to make payments under the bond, in count two, as to Prete, failure to pay claims, and, and count three as to Prete, alleges unfair and deception practices. The plaintiff filed its answer to the town's special defense on November 30, 1993. Prete and Aetna answered the cross complaint of the Town on December 2, 1993. Prete and Aetna filed a substituted counter claim on December 16, 1993. On May 3, 1994 the plaintiff, filed its reply and answer to Prete's special defense and counter claim.
At the start of the trial, the court granted the defendant's, Town of East Haddam, motion for summary judgment holding that there was no genuine issue of facts and that the town was entitled to judgment as a matter of law. In granting said motion the court adopted the reasoning and legal conclusions of now Justice Berdon as enunciated, in pertinent part, in Kerite Co. v.CT Page 12040Norwalk, 32 Conn. Sup. 168, 171-172 (1975).
After a full trial, the parties present or represented by counsel, the court, based upon the preponderance of the credible, relevant and legally admissible evidence, finds, determines, holds and rules as follows:
The remaining parties, the plaintiff, Prete and Aetna, stipulated that the labor and material payment bond was properly in existence under the statutes so providing, and, notwithstanding notice and demand pursuant to Gen. Stat. Sec. 49-41a(b) neither Prete nor Aetna placed funds in the amount of the claim, plus interest at 1% in an interest bearing account.
On our about May 27, 1992, Prete as principal and Aetna as surety, entered into a $10,319,000.00 labor and material bond for the construction of a new high school in the Town of East Haddam (the project).
On or about May 26, 1992, the plaintiff submitted a written proposal to Prete, the general contractor for the project, to sub-contract the clearing of about 30 acres of land within area limits to be flagged by Prete and to remove the logs from the site for $20,000.00.
Prete's contract with the town for the project was dated on or about May 29, 1992 and reflected a completion date of September 3, 1993.
At Prete's request, on or about June 2, 1992, the plaintiff submitted an addition proposal, which included the stumping of the 30 acres for a total of $55,000.00
The proposal did not contain a time within which the work was to be done or who would be responsible for removing the stumps from the site. The proposal did state that the logs would become the property of the plaintiff and that the chips would remain the property of the Town and Prete.
After the plaintiff had performed for approximately three weeks, the plaintiff received a purchase order, dated June 26, 1992, which included references to Sec. 02110 of the project manual, a reference not included in the plaintiff's proposals. The project manual, inter alia, recites that workmanship must be accepted by the owner (town) and architect. The sub-division in CT Page 12041 the manual entitled "Clearing" noted that the stumps shall become the property of the "contractor" and shall be disposed of "by him" off the site.
The court expressly finds that in said section regarding the removal of stumps the "contractor" is Prete and that it was his obligation to remove stumps from the site.
On or about July 1, 1992, Prete and the architect certified to the Town that $55,000.00 of clearing work was completed and that the quality of the work was as per contract, resulting in the payment by the Town to Prete of $55,000.00 out of the $173,000.00, the scheduled value for clearing and grubbing. The workmanship was accepted by Prete and the Town.
On or about July 24, 1992, Prete paid the plaintiff, $20,000.00.
The last day that the plaintiff furnished labor and materials for the project was August 7, 1992.
On or about November 5, 1992, the plaintiff sent Prete, the Town and Aetna notice of his claim, under the bond and statutes, by certified mail, and demanded the funds due him be placed in an interest bearing account.
Despite the demand, neither Prete nor Aetna placed any monies in an interest bearing account as required by statute.
The plaintiff substantially completed the tree cutting, logging, clearing and removal of logs from the designated 30 acre parcel.
The plaintiff duly and timely brought this action in accordance with the mandates of the statute so providing, duly and timely served the defendants and is a proper claimant under said statutes. Further, the plaintiff is within the class of persons protected by the statute.
The statutes are remedial, should be liberally construed to protect and benefit those who furnish materials and labor to the contractor on a public work project so that they may be sure of payment of their just claims, without defeat or undue delay. OkeeIndustries, Inc. v. National Grange Mutual Insurance Company,225 Conn. 367 (1993). The intended beneficiaries are the public, the CT Page 12042 laborers and materialmen, not the surety or the principal contractor. International Harvester Company v. L. G. DeFelice Sons, Inc., 151 Conn. 325, 333 (1964).
The provisions of the statutes shall be read into the bond. It is immaterial if the bond language varies from the wording of the statutes, New Britain Lumber Company v. American SuretyCompany, 113, Conn. 1, 5.
The damages recoverable extend to equipment available in the prosecution of the work, see International Harvester, supra. The cost of maintaining standby labor and machinery are all recoverable under the bond as well as the loss of idle machinery.Blakeslee Arpaia Chapman, Inc. v. A1 Constructors, Inc. 10 CLP 7, 197. See Southern New England Contracting Co. v. Connecticut,165 Conn. 644, 664 (1974).
The general contractor is mandated to pay the subcontractor within 30 days after it receives payment from the Town when the sub-contractor's labor or materials have been included in a requisition submitted by the contractor and paid by the town.
The court expressly finds that Prete was paid the $55,000.00 by the town for work and material furnished by the plaintiff and that to date Prete has paid to the plaintiff only $20,000.00.
Despite the plaintiff's claim, neither Prete nor Aetna has deposited the amount of the claim in an interest bearing account.
The court expressly finds that the plaintiff and Prete entered into an express contract based on the plaintiff's written proposal dated June 2, 1992 that the plaintiff would clear, stump and remove logs from a designated 30 acre parcel in return for $55,000.00. The court finds from a totality of the evidence that this contract did not include the removal or moving around on the site the resulting stumps. The entire evidence indicates that the cost of removal of the stumps was so far greater than the contract price that any reasonable person would or should have known that the removal of stumps from the site was not part of the contract.
The court finds that the so-called purchase order and Prete's interpretation of same constituted in essence, the addition of an extra to the contract which the plaintiff totally and forcefully rejected. Any work or equipment expended or utilized by the CT Page 12043 plaintiff in the removal of stumps from the site was outside the contract and any recovery for same is by quantum meruit.
The court further finds that the plaintiff did the work or supplied the machinery or equipment as will be outlined in the court's schedule of damages below.
The court finds that this case involved a contract dispute and a claim under the bond. The court further finds that there were no deceptive or unfair practices, lack of good faith or tortuous conduct on the part of any of the parties to this action.
However, the court finds that the denial of liability and the failure of Prete or Aetna to deposit the plaintiff's claim in an interest bearing bank account at 1% interest to be violations of the mandates of Gen. Stat. Sec. 49-41a(b), thereby subjecting them to the payment of reasonable attorneys' fees.
As to the Plaintiff's Complaint
The court finds the issues on count one for the plaintiff against the defendants', Prete and Aetna.
The court finds the issues on count two for the plaintiff against the defendant, Prete.
The court finds the issues on count three for the defendant Aetna.
The court finds the issues on count four for the plaintiff against the defendants Prete and Aetna and for the Town against the plaintiff.
The court finds the issues on count five for the defendants Prete and Aetna.
The court rejects as unproven the special defenses of the defendants Aetna and Prete.
The court finds the issues on all four counts of the defendants counterclaims for the plaintiff.
The court finds as proven and assesses damages against Prete and Aetna as follows. CT Page 12044
 Balance due under the contract $32,800.00 Tree shear machine 400.00 Flagging 560.00 Route 151 Drive cut 800.00 Down time for chipper 3,000.00 Extra cutting a/c improper flagging 1,280.00 Moving stump material about the site 3,200.00 Stumps Removal 1,500.00 Expedited stumps moving 10,000.00 ---------- $53,540.00
 Interest @ 1% from 11/6/92 to 10/6/92 $18,379.00
Counsel fees 18,000.00
Accordingly:
Judgment is entered on counts one, two and four of the plaintiff's complaint for the plaintiff, Wade Weischet d/b/a Beaver Logging, to recover of the defendants, A. Prete and Son Construction Co., Inc. and Aetna Casualty and Surety Company, as named therein, the sum of $53,540.00, plus interest of $18,739.00, plus counsel fees of $18,000.00 plus costs of suit.
Judgment is entered on count three of the plaintiff's complaint for the defendant, Aetna Casualty and Surety Company against the plaintiff Wade Weischet d/b/a Beaver Logging.
Judgment is entered on count four of the plaintiff's complaint for the defendant, Town of East Haddam against the plaintiff, Wade Weischet d/b/a Beaver Logging.
Judgment is entered on count five of the plaintiff's complaint for the defendants, A. Prete and Son Construction Co., Inc. and Aetna Casualty and Surety Company against the plaintiff, Wade Weischet d/b/a Beaver Logging.
Judgment is entered for the plaintiff, Wade Weischet d/b/a Beaver Logging on all four counts of the defendant counterclaim.
SPALLONE STATE TRIAL REFEREE CT Page 12045