No. 20749.

H. C. FLAUGH, d/b/a H. C. FLAUGH CONSTRUCTION
COMPANY *v.* EMPIRE CLAY PRODUCTS, INC.
(402 P.2d 932)

Decided June 14, 1965.

MILENSKI & PARGO, for plaintiff in error.

ROBERT G. BAILEY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

WE will refer to plaintiff in error as Flaugh and to defendant in error as Empire.

Empire commenced an action in debt against Flaugh to collect the sum of $4683.66 "on an account" "for goods sold and delivered" plus interest and costs.

Flaugh was the principal contractor in the construction of a hospital in Durango. Among the subcontractors were Riffle and Dunlap, not parties to the action, who did the brick work on the hospital. They purchased the bricks from Empire and failed to pay for them.

Pursuant to C.R.S. '53, 86-7-7, Empire filed its "Statement of Intention" with the La Plata County Hospital District, which is another way of saying that it advised the hospital district that it had not been paid for the materials incorporated in the building. This filing had the effect of holding the sum claimed from the principal contractor, Flaugh, for a period of 90 days, during which time Empire should have filed a lis pendens with the hospital district to advise it that suit was commenced.

Empire brought suit against Flaugh in the district court within the 90 day period, but took no further steps to perfect its statutory remedy. The suit when tried proceeded on the theory of an agency between Flaugh and

the subcontractors Riffle and Dunlap and on the theory of a straight open account. The court entered judgment in favor of Empire for $4440.00, from which Flaugh prosecutes this writ of error.

The sole question to be determined is: *Were Riffle and Dunlap the agents of Flaugh so as to bind the latter to Empire on an open account?*

We answer the question in the negative.

■ The statutory remedy which Empire initiated but abandoned (C.R.S. '53, 86-7-4 to 7, inclusive) is in lieu of the mechanics' lien statute; it is designed to protect those who supply labor and materials for public buildings such as are involved herein. For purposes of giving effect to the statute, the actions of the subcontractors in purchasing materials and labor are imputed to the principal contractor. No such relationship, however, can be extended beyond the statutory remedy.

■ Empire did not have to use the statutory remedy; it had the right to pursue the action in debt, but only against the subcontractors and not against the principal contractor. But in its quest to charge Flaugh with the debt, Empire sued on the theory that Riffle and Dunlap, as subcontractors, were agents of the principal contractor, Flaugh. There was not a scintilla of evidence offered to bind the principal contractor Flaugh to Empire in any such manner. There is generally no presumption of agency between a principal contractor and subcontractor outside of that granted by statute; the relationship of creditor and debtor between them was discharged when Flaugh paid Riffle and Dunlap—which admittedly was done—for labor and materials furnished.

■ In an attempt to add another string to its bow, Empire claims ratification by Flaugh when it accepted the money from the hospital district after the expiration of the statutory 90 days, during which it was held because of the "Statement of Intention" filed by Empire. This action by Flaugh does not fit the definition of rati-

fication as clearly set out in *Hayutin v. Gibbons,* 139 Colo. 262, 338 P.2d 1032, wherein the court said:

"* * * Ratification is the adoption and affirmance, either expressly or by implication, by one person of the prior act of another which did not bind him but which was done or professed to be done on his account, whereby the act is given effect as though originally authorized."

It is plain then that for Empire to prevail on the theory of ratification the proof must show that the action of Flaugh was done or professed to be done with knowledge that somehow Riffle and Dunlap had also bound Flaugh to the contract. Not only was such evidence lacking, but Flaugh, in accepting the money from the district at the time it was released, took it as owing to him for reimbursement for payments made to the subcontractor. This does not constitute ratification of Empire's claim.

The remedy to obtain the funds in the hands of the hospital district before they were legally paid out having been lost, and there being no proof which would find Flaugh in debt to Empire, the judgment of the trial court is held to be erroneous. It is accordingly reversed and remanded to the trial court with directions to dismiss the complaint.

MR. JUSTICE SUTTON and MR. JUSTICE FRANTZ concur.