**BRANNAN SAND & GRAVEL CO., INC., a Colorado corporation, Plaintiff–Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORP. as Conservator/Receiver of American Savings of Colorado; City of Westminster, Colorado, a Colorado Home Rule City; and First National Bank of Arvada, Defendants–Appellees.**

No. 94CA1834.

Colorado Court of Appeals, Div. III.

April 4, 1996.

Rehearing Denied June 6, 1996.

Certiorari Granted Dec. 23, 1996.

Rick DeWitt & Associates, Rick DeWitt, Englewood, for Plaintiff–Appellant.

Vanatta, Sullan and Sandgrund, P.C., Scott F. Sullan, Englewood, for Defendant–Appellee Federal Deposit Insurance Corp.

Martin R. McCullough, City Attorney, Janice H. Louden, Assistant City Attorney, Jonathan S. Drake, Assistant City Attorney, Westminster, for Defendant–Appellee City of Westminster.

Davis & Ceriani, P.C., Bruce E. Rohde, Denver, for Defendant–Appellee First National Bank of Arvada.

Opinion by Judge ROY.

In this proceeding, plaintiff, Brannan Sand & Gravel Company, seeks to recover for labor and materials supplied for the installation of curb and gutter and the paving of streets in a new subdivision annexed, or to be annexed, to the City of Westminster (the City). In its complaint, plaintiff alleged four claims for relief: (1) a contract claim against the developer, Designer Properties, Inc. (developer); (2) a quasi-contract claim against a significant number of interest holders in the subdivision, including the City, which owns the public rights-of-way; (3) a claim to foreclose a mechanic's lien naming as defendants a significant number of interest holders in the subdivision including the City and American Federal Savings and Loan Association (American); and (4) a claim against the First National Bank of Arvada (First National) with respect to certain letters of credit issued by First National in favor of the City at the request of developer to secure certain obligations of developer to the City.

Plaintiff appeals the summary judgment entered in favor of the City and First National and the court's dismissal for lack of subject matter jurisdiction as to the Resolu-

tion Trust Corporation (RTC), successor in interest to American. Pursuant to 12 U.S.C. § 1441a(m)(1) (1994), the Federal Deposit Insurance Corporation (FDIC) has since succeeded RTC as successor in interest. We affirm in part, reverse in part, and remand with instructions for further proceedings.

Plaintiff supplied the labor and materials used in four filings of Walnut Grove Subdivision. The plats and related documents for these filings, each containing a dedication and acceptance of the streets, were recorded in the office of the Jefferson County Clerk and Recorder at various times from December 8, 1980, to December 10, 1986.

Developer also entered into several "Subdivision Agreements" with the City, the latest of which is dated December 1, 1986, in which developer agreed, *inter alia*, to install at its expense the street improvements to the satisfaction of the City, to provide a one-year maintenance warranty on the street improvements, and to provide the City with a bond or other security for developer's obligation to install the public improvements. The agreements also provided for final acceptance of the improvements by the City upon completion.

Developer contracted with plaintiff for the installation of the curb and gutter and the paving. Following completion and acceptance, developer failed to pay plaintiff and later declared bankruptcy.

On July 28, 1988, plaintiff recorded a mechanic's lien, pursuant to §§ 38–22–101, et seq., C.R.S. (1982 Repl.Vol. 16A), on all, or a significant portion, of the affected subdivision filings, including the streets, for $208,043.33. On the same day, plaintiff filed a Notice of Claim against a public works contractor's bond with First National, pursuant to §§ 38–26–105 to 38–26–107, C.R.S. (1982 Repl.Vol. 16A), and against letters of credit issued by that bank in favor of the City.

On August 29, 1988, plaintiff commenced these proceedings and filed its notice of *lis pendens*. The City and First National moved to dismiss plaintiff's complaint under C.R.C.P. 12(b)(5). The trial court treated the motion as a motion for summary judgment under C.R.C.P. 56.

On May 15, 1989, the trial court ruled, as a matter of law, that plaintiff had no quasi-contract claim against the City and that the publicly owned rights-of-way were not lienable. The court further concluded that plaintiff had no claim against First National on the letters of credit because they secured only the warranty obligations of developer to the City and did not secure payment for the actual construction of the improvements. The court therefore granted summary judgment in favor of the City and First National and dismissed all of plaintiff's claims against them. Plaintiff does not appeal the dismissal of its quasi-contract claim against the City.

In October 1989, the court substituted FDIC for American as a real party in interest after FDIC was named as conservator for American. FDIC later became the receiver for American. In September 1992, the trial court granted FDIC's motion to dismiss for lack of subject matter jurisdiction holding that plaintiff was required by federal law to pursue its claim through an administrative process and, ultimately, federal court.

Later, plaintiff moved to amend its complaint to include those property owners to whom FDIC had sold its interest in subdivision lots, and FDIC, though not then a party, objected. The trial court denied plaintiff's motion to amend its complaint, holding that even after FDIC sold or conveyed any interest it had in the property subject to the mechanic's lien, plaintiff was required by federal law to pursue its claim through an administrative process or through the federal courts. This appeal followed.

I.

■ Plaintiff first argues that the court erred in granting summary judgment in favor of the City on its mechanic's lien claim because there was a genuine issue as to a material fact as to the priority of the lien. We agree.

At the outset, we note that it is appropriate for the trial court to treat a C.R.C.P. 12(b)(5) motion as a motion for summary judgment when it is necessary to consider the factual circumstances and the party against whom the motion is filed is accorded an opportunity to respond with evidence and counter-affidavits. *See Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286 (Colo.1992).

Summary judgment is a drastic remedy and is never warranted except upon a clear showing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Graven v. Vail Associates, Inc.,* 909 P.2d 514 (Colo.1995). A party moving for summary judgment has the initial burden of establishing that no genuine issue exists as to any material facts. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo. 1985). The party against whom summary judgment is sought is entitled to all favorable inferences that may be drawn from the facts. *Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo.1987).

The mechanics' lien statute, §§ 38–22–101, et seq., C.R.S. (1982 Repl.Vol. 16A), "provides that under certain circumstances one who supplies materials or labor to be used to enhance the value of property shall have a lien upon the property to the extent of the goods and services provided." *Thirteenth Street Corp. v. A–1 Plumbing & Heating Co.,* 640 P.2d 1130, 1133 (Colo.1982). The purpose of the mechanics' lien law is to benefit and to protect those who supply labor, materials, or services which enhance the value or condition of another's property. *Thirteenth Street Corp. v. A–1 Plumbing & Heating Co., supra.*

A mechanic's lien foreclosure proceeding provides an *in rem* recovery against property as distinguished from an *in personam* contract action. *Richter Plumbing & Heating, Inc. v. Rademacher,* 729 P.2d 1009 (Colo.App.1986). The mechanics' lien statute is to be strictly construed with respect to those acts necessary to perfect the lien and liberally construed with respect to the benefits accorded a properly perfected lien. *Powder Mountain Painting v. Peregrine Joint Venture,* 899 P.2d 279 (Colo.App.1994).

Section 38–22–106(1), C.R.S. (1982 Repl. Vol. 16A) provides with respect to the attachment of a mechanic's lien and its priority as follows:

All liens established by virtue of this article shall relate back to the time of the commencement of work under the contract between the owner and the first contractor, or, if said contract is not in writing, then such liens shall relate back to and take effect as of the time of the commencement of the work upon the structure or improvement, and shall have priority over any lien or encumbrance subsequently intervening, or which may have been created prior thereto but which was not then recorded and of which the lienor, under this article, did not have actual notice.

Our supreme court stated in *Trustees of Mortgage Trust v. District Court,* 621 P.2d 310, 312 (Colo.1980):

As remedial legislation, designed to benefit and protect a class of persons hired to improve or construct structures on the land of another, the mechanic's lien statutes provide that an effective mechanic's lien relates back in time to the 'commencement of work' upon the construction project at issue, thus gaining a preference over other liens and interests in land which may have been recorded prior to the actual filing of the mechanic's lien.

Here, the trial court held, and the City asserts on appeal, that a mechanic's lien cannot attach to real property owned by a state or its political subdivisions. We recognize that, as a general rule, unless the statute specifically provides for it, the property of a municipality devoted to public purposes is not subject to mechanics' liens. 10 G. O'Gradney & C. Miller, *McQuillin on the Law of Municipal Corporations* § 28.58 (3d ed. 1990); *see Fisher v. Pioneer Construc-*

*tion Co.,* 62 Colo. 538, 163 P. 851 (1917) (mechanic's lien does not attach to property of a public corporation used for public purposes).

Furthermore, the mechanics' lien statute makes no provision for attachment of public property. Indeed, other provision is made for the payment of contractors and subcontractors who contract with public entities. Section 38–26–105, C.R.S. (1995 Cum.Supp.).

Accordingly, we agree with the City's contention that plaintiff may not place a valid lien on public property. That does not, however, resolve the issue before us.

■ Plaintiff asserts that it is entitled to a priority date preceding the dedication by developer and acceptance by the City. The City, however, argues on appeal that it takes free of any prior encumbrances upon dedication to a public use by developer and acceptance by the City. However, we are unaware of any authority for that assertion.

The trial court did not address the issue of whether plaintiff had perfected a valid mechanic's lien or its priority. In our view, these circumstances require the cause to be remanded.

■ We hold that there is a genuine issue of material fact relative to whether plaintiff has a valid mechanic's lien and, if so, its priority. We hold further that if the priority date of plaintiff's mechanic's lien precedes the dedication and acceptance of the public street rights-of-way, the City's ownership of those rights-of-way is subject to plaintiff's mechanic's lien and loss in the foreclosure sale.

Because we hold that the court erroneously entered summary judgment for the City, we need not address plaintiff's claim that the court's failure to enforce its lien violated the takings clauses of the United States and Colorado Constitutions.

## II.

Plaintiff next argues that the trial court erred in granting summary judgment in favor of First National. We disagree.

## A.

■ Plaintiff first contends that the letters of credit that developer obtained from First National were public works contractor's bonds under §§ 38–26–105 and 38–26–106, C.R.S. (1982 Repl.Vol. 16A). These statutory sections require that contractors contracting with a public entity to construct public improvements post a bond to assure payment of all subcontractors and materialmen.

In discussing an earlier version of this statute, our supreme court stated that the scheme "stands in lieu of the mechanic's [sic] lien statute, and is designed to protect those who supply labor and materials for public works." *South–Way Construction Co. v. Adams City Service,* 169 Colo. 513, 517, 458 P.2d 250, 251 (1969); *see also Flaugh v. Empire Clay Products, Inc.,* 157 Colo. 409, 402 P.2d 932 (1965).

Here, developer's contract with the City was not a contract for the construction of public improvements as contemplated by the statute. The "Subdivision Agreement" is a written memorandum of conditions and standards which must be met prior to annexation or the issuance of certificates of occupancy for structures built in the subdivision. The City is not under any obligation to pay developer or any of developer's contractors for the improvements constructed or installed in the subdivision; indeed, the contrary is true. The fact that the improvements must be installed or constructed to the City's standards and that the City supervised and inspected the construction does not alter the analysis.

Thus, in our view, the provisions of §§ 38–26–105 and 38–26–106 were not applicable, and developer was not required to post any sort of bond with the City for the protection of its contractors or subcontractors.

## B.

■ Plaintiff next contends that there was a genuine issue of material fact as to whether the letters of credit issued by First

National provided security for the payment of developer's obligations to contractors, subcontractors, and materialmen who constructed the improvements required by the "Subdivision Agreement." Again, we disagree.

■ Upon the filing of a motion for summary judgment, it is incumbent upon the moving party to show by affidavit or otherwise the absence of any dispute as to any material fact and the right to judgment as a matter of law. The non-moving party must then demonstrate the existence of a genuine issue as to a material fact. If the non-moving party makes no counter-showing, the trial court has no alternative but to conclude that no facts remain to be determined and that, therefore, as a matter of law, summary judgment is proper. *Buttermore v. Firestone Tire & Rubber Co.,* 721 P.2d 701 (Colo. App.1986).

Here, First National filed an affidavit of its president which stated:

> Pursuant to the Subdivision Agreements, [developer was] simply required to provide Letters of Credit to assure that the work was constructed properly and that if any warranty or corrective work would be necessary then the City of Westminster could look to the Letters of Credit to complete the warranty or corrective work.

Plaintiff did not file any counter-affidavits with respect to this issue, nor did it produce or seek to introduce the letters of credit.

Therefore, in our view, the trial court was correct in holding that the letters of credit were issued for the purposes set forth in the affidavit in which event First National was entitled to judgment as a matter of law.

### III.

■ Plaintiff next argues that the trial court erred in dismissing its claim against FDIC because it lacked subject matter jurisdiction. We agree.

■ Subject matter jurisdiction relates to the power or authority of the court over a particular case. *Stone's Farm Supply, Inc. v. Deacon,* 805 P.2d 1109 (Colo. 1991). A party may challenge the court's subject matter jurisdiction by moving to dismiss pursuant to C.R.C.P. 12(b)(1).

■ Plaintiff filed its mechanic's lien claim to determine its interest in the subject real property. It is an *in rem* proceeding. *See C & W Electric, Inc. v. Casa Dorado Corp.,* 34 Colo.App. 117, 523 P.2d 137 (1974). "The effect of a judgment in an in rem ... action is limited to the property that supports jurisdiction. Such a judgment does not impose personal liability on the defendant." *ReMine ex rel. Liley v. District Court,* 709 P.2d 1379, 1382 (Colo.1985).

FDIC argues that the Federal Institutions Reform, Recovery, and Enforcement Act (FIRREA), Pub.L. No. 101–73, 103 Stat. 183 (1989) (codified in scattered sections of Title 12 of U.S.C.), precludes state judicial determination of claims against it. 12 U.S.C. § 1821(d)(3) and 12 U.S.C. § 1821(d)(6) (1994) provide for administrative authority and judicial review of claims against FDIC. Here, however, plaintiff is not making a claim against FDIC, but is seeking to have its interest determined in a parcel of real property and to foreclose that interest as to all junior interest holders.

As the holder, or former holder, of a potentially junior interest in the subject real property, FDIC is a necessary party. FIRREA is not designed for the adjudication of this matter or for the determination of what interest, if any, plaintiff has in the subject property. The provisions of FIRREA, therefore, do not apply.

Furthermore, as the United States Supreme Court has noted: "[T]he court first assuming jurisdiction over property may exercise that jurisdiction to the exclusion of all others." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483, 498 (1976); *see Princess Lida v. Thompson,* 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939) (when both a federal and state court have

 **1345**

subject matter jurisdiction over property, the court that first assumes jurisdiction has exclusive jurisdiction, whether or not the property has been judicially seized); *see generally* 17 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 4225 (2d ed. 1988) ("[I]f the state court has first obtained custody of the res the federal court cannot enjoin the proceeding.").

Therefore, we hold that the trial court had proper subject matter jurisdiction over FDIC and remand with instructions to reinstate FDIC as a party defendant unless it disclaims any interest in the action.

## IV.

Lastly, plaintiff argues that the trial court erred in denying its motion to amend its complaint to name as defendants anyone who took title in the subdivision property after plaintiff filed its mechanic's lien. We do not find any abuse of discretion in the denial of the motion.

Section 38–22–120, C.R.S. (1982 Repl.Vol. 16A) provides that the rules of civil procedure apply in mechanics' lien cases insofar as they are applicable and not in conflict with the mechanics' lien statute. C.R.C.P. 15(a) provides that if a party wishes to amend its complaint more than once, as is the case here, it may do so only by leave of court or by written consent of the adverse party "when justice so requires."

Generally, the granting of a motion to amend is within the discretion of the court, and absent an abuse of that discretion, an appellate court will not overrule the trial court. *Polk v. Denver District Court,* 849 P.2d 23 (Colo.1993).

In this instance, plaintiff moved to amend its complaint for the primary purpose of adding persons or entities who obtained an interest in the subject property subsequent to the filing of the notice of *lis pendens* and to update the complaint. The proposed amended complaint did not add any new claims for relief, nor did it substantively modify the previously alleged claims for relief. There was no C.R.C.P. 5(c) order entered, meaning all of the existing parties would, without more, be required to file new answers, crossclaims, and counterclaims.

Moreover, the addition of the new parties is not necessary to an adjudication of plaintiff's mechanic's lien claim. The persons or entities plaintiff sought to add as parties acquired their interests with notice of the Mechanic's Lien Statement or notice of *lis pendens* recorded by plaintiff. *See* § 38–35–110, C.R.S. (1995 Cum.Supp.); C.R.C.P. 105(f); *Hammersley v. District Court,* 199 Colo. 442, 610 P.2d 94 (1980); *Perry Park Country Club, Inc. v. Manhattan Savings Bank,* 813 P.2d 841 (Colo.App.1991).

Those persons or entities who acquired an interest in the affected property subsequent to the filing of the *lis pendens* may, if they desire, join as parties to the litigation to protect their interests. C.R.C.P. 24(a)(2).

Therefore, the trial court did not, in our view, abuse its discretion in denying plaintiff's motion to amend its complaint.

The summary judgment in favor of First National and the order denying plaintiff's motion to amend its complaint are affirmed. The remaining parts of the summary judgment are reversed, and the cause is remanded with instructions for the trial court to reinstate plaintiff's complaint against the City and FDIC as to the mechanic's lien foreclosure proceeding.

PLANK and NEY, JJ., concur.