PAT'S CONSTRUCTION SERVICE, INC., Plaintiff–Appellant and Cross–Appellee,

v.

INSURANCE COMPANY OF THE WEST, Defendant–Appellee and Cross–Appellant.

No. 04CA1085.

Colorado Court of Appeals, Div. V.

Dec. 1, 2005.

Rehearing Denied Dec. 29, 2005.

Certiorari Denied Aug. 28, 2006.

Seaman, Giometti & Murphy, P.C., Thomas J. Seaman, Karl A. Chambers, Greenwood Village, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Larry G. Johnson, Englewood, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by: Judge ROMAN.

In this surety bond action, plaintiff, Pat's Construction Service, Inc., appeals the judgment entered on a directed verdict as to one claim in favor of defendant, Insurance Company of the West (ICW). ICW appeals the denial of its motion for attorney fees, the amount of prejudgment interest, and the costs awarded to Pat's Construction as to another claim. We affirm in part, reverse in part, and remand for further proceedings.

Pat's Construction, a subcontractor, entered into a contract with a general contractor to perform construction work at Warren Knapp Elementary School and Green Mountain High School. When Pat's Construction requested payment for additional work on both projects, the general contractor refused. Pat's Construction then demanded payment from ICW, which acted as the surety for both projects.

When ICW also refused to pay, Pat's Construction commenced this action, asserting breach of contract against the surety only. Although this action is premised on the allegation that the general contractor initially breached its contract, Pat's Construction did not name the general contractor as a defendant or attempt to have money withheld from the bond pending resolution of the dispute under the Colorado Public Works Act, § 38–26–101, et seq., C.R.S.2005.

After Pat's Construction presented its case-in-chief, ICW moved for a directed verdict on the Green Mountain claim because the evidence showed it was brought "about 10 months after the statute of limitations had run." ICW asserted that no legal authority existed for Pat's Construction's claim that "the 3–year statute of limitations on a [common law contract claim] applies rather than the statutory limit." The trial court agreed and granted the motion.

The jury returned a verdict in favor of Pat's Construction on the Warren Knapp claim and awarded $9,430.08 in damages. The trial court then awarded Pat's Construction $3,028.91 in interest and $3,654.13 in costs.

I.

Pat's Construction contends the trial court erred in directing a verdict on its Green Mountain claim. Specifically, Pat's Construction argues that § 38–26–105, C.R.S. 2005, is not an exclusive remedy and that it can pursue claims under the common law and § 38–26–107, C.R.S.2005. Therefore, according to Pat's Construction, the six-month limitation period in § 38–26–105, which the trial court relied upon, is inapplicable. We disagree.

■ A motion for a directed verdict should not be granted unless the evidence compels the conclusion that reasonable jurors could not disagree and that no evidence or inference has been received at trial upon which a verdict against the moving party could be sustained. The trial court must view the evidence in the light most favorable to the nonmoving party. We review a directed verdict de novo. *Fair v. Red Lion Inn,* 943 P.2d 431 (Colo.1997); *Brossia v. Rick Constr., L.T.D. Liab. Co.,* 81 P.3d 1126 (Colo. App.2003).

■ Statutes of limitations serve to promote justice, discourage unnecessary delay, and forestall the pursuit of stale claims. *Dean Witter Reynolds, Inc. v. Hartman,* 911 P.2d 1094 (Colo.1996). In the absence of a clear expression of legislative intent to the contrary, a statute of limitations specifically addressing a particular class of cases will control over a more general or catch-all statute of limitations. *Mortgage Invs. Corp. v. Battle Mountain Corp.,* 70 P.3d 1176 (Colo. 2003).

As relevant here, § 38–26–101, et seq., provides two separate methods for subcontractors on public works projects to collect payment from a surety if the contractor fails to pay them.

First, § 38–26–105(1), C.R.S.2005, provides subcontractors with the right to bring an action against the principal and the surety of a public works payment bond "within six months after the completion of the work and not afterwards."

Second, a subcontractor may file with the public entity a verified statement of amounts

due and unpaid until the date fixed for final settlement. Section 38–26–107. The subcontractor may then file an action under § 38–26–107 against either the contractor or the surety, but the suit must be commenced within ninety days of the date fixed for final settlement. Section 38–26–107(3), C.R.S. 2005; *Rocky Mountain Ass'n of Credit Mgmt. v. Marshall,* 44 Colo.App. 467, 615 P.2d 68 (1980).

## A.

Pat's Construction first argues that, as the third-party beneficiary of the bond between the general contractor and ICW, it has a common law breach of contract claim against ICW. Because common law contract claims are subject to a three-year statute of limitations, Pat's Construction contends that the trial court improperly dismissed this claim under § 38–26–105. We reject this contention.

Section 13–80–101(1)(a), C.R.S.2005, is a general and broad provision that encompasses all common law contract actions, while § 38–26–105 is a specific provision that applies to actions to recover payment under a public works contractor's performance bond. Sections 38–26–105 and 38–26–107 specifically apply to the construction project that is the subject of Pat's Construction's action. Therefore, the specific statute of limitations provision in § 38–26–105 controls over the general civil action provision in § 13–80–101(1)(a). *See Mortgage Invs. Corp. v. Battle Mountain Corp., supra.*

Nevertheless, Pat's Construction argues that under *Montezuma Plumbing & Heating, Inc. v. Housing Authority,* 651 P.2d 426, 428 (Colo.App.1982), "failure to meet the statutory requirements of the public works statutes does not deprive it of its common law claims" against ICW. The Colorado Supreme Court rejected a similar contention, however, in *General Electric Co. v. Webco Construction Co.,* 164 Colo. 232, 433 P.2d 760 (1967)(holding that the statutory six-month limitation in public works bond actions prevails over the common law limitation).

In *General Electric Co. v. Webco Construction Co.,* the supreme court rejected the plaintiffs' argument that the statutory six-month limitation did not apply to public works performance bonds for more than

$1000. The supreme court held that "[s]uch an interpretation would be unreasonable and would thwart what we believe was the legislative intent to provide for prompt and speedy settlement of disputes involving laborers and materialmen on public buildings." *Gen. Elec. Co. v. Webco Constr. Co., supra,* 164 Colo. at 238, 433 P.2d at 763.

To the extent that *Montezuma Plumbing & Heating, Inc. v. Housing Authority* supports a contrary conclusion, we conclude it is inconsistent with *General Electric Co. v. Webco Construction Co.,* and therefore decline to follow it.

■ Here, ICW's duty to pay arises only from the bond, and the only recovery available to Pat's Construction against ICW would be an action on the bond. A subcontractor's cause of action, related to public works actions, against a general contractor and its surety, with whom there is no contractual privity, is purely statutory. Therefore, the legislature may limit the right of action by statute, and such specific limitation of rights takes precedence over the common law. *See Gen. Elec. Co. v. Webco Constr. Co., supra.*

## B.

Pat's Construction argues that although its claim is for payment on a public works payment bond, the six-month statute of limitations in § 38–26–105 does not apply to its claim, but rather § 38–26–107 applies. We disagree.

Here, the trial court found that § 38–26–105 governed the Green Mountain claim because it was "clearly an action on the bond in this case." The court then found it undisputed that the project was completed no later than December 18, 2000; that the complaint was filed on April 15, 2002, which was more than six months after the project's completion; that Pat's Construction presented no evidence the bond language "in any way extend[ed] any statutory timeframe for which this action could be brought"; and therefore, that § 38–26–105 bars this action. We agree with the trial court's conclusion.

Nevertheless, Pat's Construction argues that its bond claim is not precluded by this

six-month limitation because it brought its claim under § 38–26–107, which is an independent remedy. It further argues that, although § 38–26–107 contains a ninety-day limitation, its claim is not precluded because the limitation is permissive, not mandatory. We are not persuaded.

Because the bond is a public works bond as described in §§ 38–26–105 through 38–26–107, the six-month limitation period in § 38–26–105(1), and the ninety-day limitation period in § 38–26–107(3), apply to Pat's Construction's claims. *See Gen. Elec. Co. v. Webco Constr. Co., supra.*

Pat's Construction concedes that it never attempted to comply with the statutory requirements of § 38–26–107 or even identified that provision as a basis for relief in its complaint. Nevertheless, Pat's Construction argues that it may proceed with a § 38–26–107 claim under *Continental Casualty Co. v. Rio Grande Fuel Co.*, 108 Colo. 472, 119 P.2d 618 (1941)(interpreting nearly identical statutes preceding § 38–26–101, et seq.). However, Pat's Construction misinterprets the holding of that case.

Like Pat's Construction, the plaintiff in *Continental Casualty* did not file a verified statement or lis pendens in order to withhold money from the contractor's bond as required by § 38–26–107's predecessor. Instead, the plaintiff sought relief "in compliance with the provisions of [§ 38–26–106's predecessor]." *Cont'l Cas. Co. v. Rio Grande Fuel Co., supra*, 108 Colo. at 474, 119 P.2d at 618. As an affirmative defense, the defendant surety argued that because the plaintiff elected not to file a verified statement within ninety days as required to withhold money, it was entirely precluded from recovering under all the bond provisions.

The supreme court disagreed and held that the ninety-day requirement "is not a limitation of an action which may be brought upon a bond required under [§ 38–26–106's predecessor], but is a permissive authorization to sue the surety within the ninety-day period following the date fixed for final settlement." *Cont'l Cas. Co. v. Rio Grande Fuel Co., supra*, 108 Colo. at 480, 119 P.2d at 621. In other words, failure to file within ninety days only forfeits a party's right to demand the surety withhold payment pending the dispute's outcome.

The court further noted that "this is not a case in which [the plaintiff] is seeking to reach an impounded fund, but is a suit on the bond of the surety, the obligations under which the contractor and the surety assumed pursuant to the requirements of [§ 38–26–106's predecessor]." Therefore, the plaintiff's "failure to file the claim … did not discharge the surety from this liability." *Cont'l Cas. Co. v. Rio Grande Fuel Co., supra*, 108 Colo. at 480–81, 119 P.2d at 621.

Here, in contrast, Pat's Construction attempts to seek relief under § 38–26–107 even though it failed to bring a claim under § 38–26–105 within six months, never attempted to exercise its rights under § 38–26–107, and never identified that provision as a basis for relief in its complaint.

Because § 38–26–107 only provides parties with the right to withhold money from a surety bond pending the outcome of a payment dispute, we reject the contention that Pat's Construction "was not required to file a verified statement or lis pendens in order to proceed with a claim against a surety company under § 38–26–107." This provision exclusively provides a party with the right to withhold money from a surety bond and discusses no other rights or remedies. Because Pat's Construction chose not to exercise its right to have money withheld from the general contractor's bond with ICW, § 38–26–107 is inapplicable here.

Accordingly, we conclude the trial court did not err in granting a directed verdict to ICW on the Green Mountain claim.

## II.

On cross-appeal, ICW contends the trial court erred by not awarding attorney fees for the Green Mountain claim because it lacked substantial justification under § 13–17–101, et seq., C.R.S.2005. We disagree.

■ A court shall award attorney fees if an attorney or a party brings or defends an action that lacks substantial justification. As relevant here, a claim lacks substantial justification if it is substantially frivolous or groundless. Section 13–17–102(4), C.R.S.

2005; *City of Aurora v. Colo. State Eng'r,* 105 P.3d 595 (Colo.2005). A claim or defense is frivolous if the proponent can present no rational argument based on evidence or law to support the claim or defense. *City of Aurora v. Colo. State Eng'r, supra.*

The decision whether to award attorney fees lies within the trial court's discretion, which decision we will not disturb absent an abuse of discretion. *City of Aurora v. Colo. State Eng'r, supra.*

Here, Pat's Construction unsuccessfully argued its Green Mountain claim was not time barred under the common law and § 38–26–101, et seq. In doing so, Pat's Construction relied on language from the statutes as well as *Continental Casualty Co. v. Rio Grande Fuel Co., supra,* and *Montezuma Plumbing & Heating, supra.* ICW concedes on appeal that the latter case "contains some imprecise language." Moreover, the trial court considered and denied ICW's motion for summary judgment three times before trial. *Cf. Bergeson v. Midway Dev. Co. No. 3,* 817 P.2d 606 (Colo.App.1991)(denial of summary judgment evidence that claim was not groundless).

Accordingly, we conclude the trial court did not abuse its discretion in denying ICW attorney fees for the Green Mountain claim.

### III.

ICW also contends that the trial court erred in awarding prejudgment interest before Pat's Construction demanded payment from it. We agree.

If no agreement as to the rate of interest exists, creditors "shall be allowed to receive interest at the rate of eight percent per annum compounded annually for all moneys after they become due on any ... bond ... and on money due on account from the date when the same became due." Section 5–12–102(2), C.R.S.2005.

An amount becomes due on a performance bond when the bills for costs are submitted to the surety. *Asphalt Paving Co. v. United States Fid. & Guar. Co.,* 671 P.2d 1013 (Colo.App.1983).

Here, the record on appeal is unclear when Pat's Construction first submitted a bill for costs to ICW. In its motion to enter judgment, Pat's Construction stated that it "made demand for payment of such money on October 15, 2000." However, on appeal, Pat's Construction admitted that it "filed a demand for payment with the surety in August of 2001," and the record includes a letter dated February 11, 2002, in which Pat's Construction acknowledged a request by ICW on August 15, 2001 for "additional information concerning the claims made by Pat's Construction on the above referenced bonds." The record does not reflect when Pat's Construction first demanded payment from ICW.

Accordingly, the award of prejudgment interest cannot stand. On remand, the trial court must determine when Pat's Construction submitted its bill of costs to ICW and award prejudgment interest from that date.

### IV.

ICW finally contends the trial court erred in awarding costs to Pat's Construction that were not specifically enumerated in § 13–16–122, C.R.S.2005. We disagree.

A prevailing party is entitled to an award of reasonable costs pursuant to C.R.C.P. 54(d). Section 13–16–122 identifies factors a trial court "may" consider in determining what costs to award. The items listed in § 13–16–122 are illustrative rather than exclusive, and may be enlarged upon. *City of Aurora v. Colo. State Eng'r, supra.*

Whether to award costs to the prevailing party lies within the discretion of the trial court, whose decision will not be reversed absent a clear abuse of that discretion. *City of Aurora v. Colo. State Eng'r, supra.*

Here, ICW argues that the trial court abused its discretion by awarding all the expert witness's fees, including those relating to the Green Mountain claim, on which the court directed a verdict against Pat's Construction. However, costs are not limited to the specific claims on which a party prevailed at trial. *See Mackall v. Jalisco Int'l, Inc.,* 28 P.3d 975 (Colo.App.2001)(rejecting defendant's argument that expert witness fees were not recoverable because the

underlying claim was dismissed by a directed verdict).

We also reject ICW's argument that discovery deposition costs should not be recoverable. The cost of a discovery deposition is generally recoverable when reasonably necessary for the development of the case, and many of ICW's policy arguments have been expressly rejected by the supreme court. *See Cherry Creek Sch. Dist. No. 5 v. Voelker,* 859 P.2d 805 (Colo.1993).

Accordingly, we conclude the trial court did not abuse its discretion in the award of costs.

The award of prejudgment interest is reversed, and the case is remanded for further proceedings on that award consistent with this opinion. The judgment is affirmed in all other respects.

Judge VOGT and Judge GRAHAM concur.