25CA0530 Petruccelli v JRF River Ranch 04-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0530
Ouray County District Court No. 21CV30018
Honorable D. Cory Jackson, Judge

---

John T. Petruccelli,

Plaintiff-Appellee,

v.

JRF River Ranch LLC, a Colorado limited liability company, and Andrew
McGlone,

Defendants-Appellants.

---

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE FOX
Kuhn and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

---

Karp Neu Hanlon, P.C., James F. Fosnaught, Aaron T. Berne, Rachel A.
Sigman, Glenwood Springs, Colorado, for Plaintiff-Appellee

Brian Kidnay, P.C., Brian Kidnay, Montrose, Colorado, for Defendants-
Appellants

¶ 1     Defendants, JRF River Ranch LLC (JRF) and Andrew McGlone, appeal the district court's order awarding attorney fees and costs to plaintiff, John T. Petruccelli.  We affirm in part, reverse in part, and remand to the district court with directions.

## I.     Background

¶ 2     This attorney fees and costs appeal stems from the merits of an underlying dispute that a division of this court previously addressed.  *See Petruccelli v. JRF River Ranch LLC*, (Colo. App. No. 24CA1033, Sep. 18, 2025) (not published pursuant to C.A.R. 35(e)) (*Petruccelli I*).

¶ 3     Petruccelli and his business partner, Robert Hagert, jointly owned property in Ridgway, Colorado.  *Id.*, slip op., at ¶ 2.  In 1997, they subdivided the property into two parcels.  *Id.*  This resulted in an access and utility easement on Hagert's parcel (Parcel A), which benefited Petruccelli's parcel (Parcel B).  *Id.*  Hagert and Petruccelli later developed their respective parcels, which also increased their respective parking needs.  *Id.* at ¶¶ 3-4.  After several contentious years and a lawsuit, the parties entered into a "Shared Parking

Agreement" (the SPA) to settle the litigation.[1] *Id.* at ¶ 5. The SPA created "an access and parking easement" and designated twelve overflow parking spaces on each parcel. *Id.* at ¶¶ 6, 7. As relevant here, the SPA allowed each party to park on their own property and to "utilize each other's property for vehicular and pedestrian access and parking" pursuant to the SPA's terms. *Id.* at ¶ 6.

¶ 4 In 2019, JRF acquired Parcel A. *Id.* at ¶ 8. Beginning in 2021, McGlone — JRF's property manager — started parking cars on Parcel A in a manner that blocked "a historic path of travel," and, at times, "entirely blocked Petruccelli's access to the shared parking spaces on both parcels." *Id.* at ¶ 9. In 2022, Petruccelli sued JRF and McGlone, asserting claims against JRF for breach of contract, breach of the duty of good faith and fair dealing, and declaratory judgment. *Id.* at ¶ 10. He brought claims against both defendants for trespass, nuisance, and civil conspiracy, and he sought a permanent injunction to prevent their interference with his access to the shared parking spaces. *Id.* JRF brought

---

[1] The original parties to the SPA were Hagert and Petruccelli's company, River Ranch I, LLC. Parcel B was later transferred to Petruccelli individually.

2

counterclaims for breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, trespass, nuisance, civil theft, and declaratory judgment. *Id.* at ¶ 10. Petruccelli's civil conspiracy claim was dismissed, but the remaining claims and counterclaims proceeded to a three-day bench trial. *Id.* at ¶¶ 10 n.3, 11.

¶ 5 In a detailed order, the district court held that Petruccelli was the prevailing party for purposes of awarding attorney fees and costs. *See id.* at ¶ 11. The basis for awarding attorney fees was the SPA's fee-shifting provision, which provided, "In the event that a dispute arises out of this Agreement, the prevailing party's reasonable attorney fees and costs shall be paid by the non-prevailing party or parties."

¶ 6 Before the court awarded fees and costs, JRF appealed.[2] *See id.* at ¶¶ 12, 46. The *Petruccelli I* division rejected JRF's challenges to the district court's interpretation of the SPA and to its calculation of Petruccelli's damages. *Id.* at ¶¶ 12-13, 14-39. The division agreed with JRF that the court erroneously entered joint and

---

[2] McGlone joined both appeals, but in the interest of brevity we attribute JRF and McGlone's collective arguments to JRF.

several liability against McGlone and JRF on Petruccelli's contract claims. *Id.* at ¶¶ 12-13, 40-42. Finally, the division dismissed JRF's challenge to the district court's prevailing party ruling for lack of a final, appealable order. *Id.* at ¶¶ 12-13, 44-46.

¶ 7    While the appeal in *Petruccelli I* was pending, the parties briefed Petruccelli's request for attorney fees and costs and presented evidence at an October 2024 hearing. The district court awarded Petruccelli $208,787.74 in fees and $25,260.97 in costs.

¶ 8    Before *Petruccelli I* was announced, JRF appealed the fees and costs award. Initially, JRF argued that the district court erred by holding JRF and McGlone jointly and severally liable for attorney fees when McGlone was the agent of a disclosed principal (JRF). However, after *Petruccelli I* was announced, the parties stipulated that "McGlone is not jointly and severally liable with JRF for attorney[] fees under the [SPA]."

¶ 9    The parties also filed supplemental briefs to address the prevailing party issue that the *Petruccelli I* division dismissed on finality grounds. JRF reasserts its challenge to the district court's prevailing party determination. JRF also contends that the court

erred by failing to address several of its objections to Petruccelli's bill of costs. Both parties request appellate attorney fees and costs.

## II. Analysis

### A. Joint and Several Liability

¶ 10 We first address the stipulated motion regarding joint and several liability. As discussed, the *Petruccelli I* division concluded that the district court erred by holding JRF and McGlone jointly and severally liable for Petruccelli's claims under the SPA. *Id.* at ¶ 40. The division explained that Petruccelli brought contract-based claims against only JRF and that McGlone, as a nonparty to the SPA, could not be held liable under the SPA. *Id.* at ¶¶ 42-43.

¶ 11 Accordingly, we grant the stipulated motion and conclude that McGlone cannot be held jointly and severally liable for attorney fees under the SPA. The legal basis for imposing attorney fees is the SPA's fee-shifting provision, and "there is no legal basis for holding McGlone liable" under the SPA. *Id.* at ¶ 43. Therefore, we remand for the district court to impose attorney fees solely against JRF.

¶ 12 The parties' stipulation also stated that "[a]ll other issues in this appeal, including whether McGlone is jointly and severally liable for costs, remain to be decided." But the parties did not

request supplemental briefing or develop this issue in their briefs filed after the stipulation.  Therefore, the argument is underdeveloped, and we do not address it.  *See Antolovich v. Brown Grp. Retail, Inc.,* 183 P.3d 582, 604 (Colo. App. 2007).

## B. Prevailing Party

¶ 13     JRF contends that the district court erroneously concluded that Petruccelli prevailed on the merits for purposes of awarding fees and costs.  We disagree.

¶ 14     We review a district court's prevailing party determination for an abuse of discretion.  *Archer v. Farmer Bros. Co.,* 90 P.3d 228, 230 (Colo. 2004).  "When a case involves many claims, some of which are successful and some of which are not," the district court has the "sole discretion" to decide which party, if any, prevailed.  *Id.* at 231.  The court's discretion is particularly broad in such cases because the court "is in the best position to evaluate the relative strengths and weaknesses of each party's claims, the significance of each party's successes in the context of the overall litigation, and the time devoted to each claim."  *Id.*

¶ 15     In cases involving contract claims, "the party in whose favor the decision or verdict on liability is rendered is the prevailing party

for purposes of awarding attorney fees." *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326, 327 (Colo. 1994). For purposes of a costs award under C.R.C.P. 54(d), the prevailing party "must prevail on a significant, but not necessarily central, issue in the litigation and derive some of the benefits sought by the litigation." *Farmers Reservoir & Irrigation Co. v. City of Golden*, 113 P.3d 119, 128 (Colo. 2005); *see also 23 LTD v. Herman*, 2019 COA 113, ¶ 59 (explaining that the prevailing party analyses for costs and fees differ slightly). If each party partially prevailed, the district court has discretion to determine which party prevailed. *Id.* (costs); *Wheeler v. T.L. Roofing, Inc.*, 74 P.3d 499, 504 (Colo. App. 2003) (fees).

¶ 16    To assess the court's prevailing party determination, we consider its rulings on the merits of each party's claims. First, Petruccelli partially prevailed on his breach of contract claim, succeeding on two of three breach allegations. He fully prevailed on his claims alleging a breach of the implied duty of good faith and fair dealing, trespass, and nuisance. He partially prevailed on his request for declaratory relief. And he did not prevail on his request for injunctive relief. Thus, Petruccelli prevailed or partially

7

prevailed on all claims except his request for injunctive relief. The court found that he "substantially prevailed on the basic thrust of the case." Excluding nominal damages, he was awarded $45,496.

¶ 17 Turning to JRF, the district court rejected its counterclaims for (1) breach of contract; (2) breach of the duty of good faith and fair dealing; (3) unjust enrichment; (4) nuisance; and (5) civil theft. JRF prevailed on its continuing trespass claim, and it partially prevailed on its trespass claim. The court also partially granted JRF's request for declaratory relief. Excluding nominal damages, JRF was awarded $1,800.

¶ 18 Thus, the court denied five of JRF's eight counterclaims. And it largely rejected JRF's contract-based claims, concluding that JRF succeeded only "on a minor point related to the SPA: [It] garnered a declaration that the SPA allows twelve parking spaces to be moved." In the merits appeal, JRF prevailed on the joint and several liability issue, but the division awarded Petruccelli appellate attorney fees as the prevailing party. *Petruccelli I*, ¶ 47.

¶ 19 JRF's arguments challenging the district court's prevailing party determination are inconsistent and at times strain credulity. For example, JRF's reply brief asks us to conclude that neither

8

party prevailed, while its supplemental brief asks us to find either that JRF prevailed or that neither party prevailed. Additionally, JRF argues that it only "did not prevail on two issues in this case," which the district court's findings unambiguously refute.

¶ 20 Next, JRF's argument that the district court misapplied the law in concluding that the court could not "afford complete relief for all of [the parties'] disputes" is confusing and unpersuasive. JRF seems to contend that it got all that it asked for at trial: a determination that — as long as JRF did not interfere with Petruccelli's access to the parking spaces — JRF could "park or use the area west of the access easement and . . . between the parking spaces and Tiny Town." Again, the record and the district court's findings unambiguously refute this argument.

¶ 21 We are not persuaded that the court abused its considerable discretion in concluding that Petruccelli was the prevailing party. *See Archer*, 90 P.3d at 230-31. Petruccelli largely prevailed on his contract claims, so the district court properly held that he prevailed for purposes of fee shifting. *See Spencer*, 884 P.2d at 326. As to the overall case (including the noncontract claims), we agree with the court that Petruccelli prevailed "on the basic thrust of the case

9

with respect to the obstructive behavior that spawned it." This "obstructive behavior" was the basis for the contract and tort claims on which Petruccelli prevailed. Thus, he prevailed "on a significant issue in the litigation" and derived a benefit from the damages award and the district court's clarification of the SPA. *Archer*, 90 P.3d at 230. Additionally, while not dispositive, the court could properly consider that Petruccelli prevailed on more claims — and recovered more damages — than JRF. *See id.* at 231.

¶ 22    Thus, while each party partially prevailed, the district court properly exercised its discretion to determine that Petruccelli was the prevailing party for purposes of awarding fees and costs. *See Farmers*, 113 P.3d at 128; *Wheeler*, 74 P.3d at 504.

### C.    Reasonableness of the Costs Award

¶ 23    JRF next argues that the district court erred by awarding all Petruccelli's requested costs without addressing several of JRF's objections to certain costs. We agree. We reject Petruccelli's contentions that JRF did not preserve its arguments. It was not JRF's "burden to establish that [Petruccelli's] costs were *not* reasonable." *Miller v. Hancock*, 2017 COA 141, ¶ 51. "[T]he party against whom costs are awarded is 'entitled to have the [district]

10

court make findings sufficient to disclose the basis for its decision to award costs and to support the amount awarded.'" *Id.* (citation omitted).

### 1. Standard of Review and Applicable Law

¶ 24 We review a district court's costs award for an abuse of discretion. *Archer*, 90 P.3d at 230. A costs award "must be supported by findings that, considered together with the record, are sufficient to permit a reviewing court to determine the basis for the award." *Danko v. Conyers*, 2018 COA 14, ¶ 72 (citation omitted). These "findings 'must include an explanation of whether and which costs are deemed reasonable.'" *Id.* (citation omitted).

### 2. Expert Witness Costs

¶ 25 JRF's objection to the bill of costs argued that Petruccelli could not recover $9,794 in expert fees for the trial testimony of Petruccelli's expert, Frederick Ballard. JRF argued that "Ballard's expert testimony was improper and accomplished nothing."

¶ 26 A party may recover expert witness costs that "are reasonable and necessary for the development of the case." *Gallegos Fam. Props., LLC v. Colo. Groundwater Comm'n*, 2017 CO 73, ¶ 52; § 13-16-122(1)(e), C.R.S. 2025. To determine the reasonableness of such

costs, the court must consider whether "the expert's services [were] reasonably necessary to the party's case" and whether "the party expend[ed] a reasonable amount for the expert's services." *Danko*, ¶ 71 (citation omitted). Here, the costs and fees order did not address Ballard's expert costs at all, let alone their reasonableness. Because the court "failed to make findings sufficient to disclose the basis for its decision . . . , we cannot adequately assess the propriety of the award." *Miller*, ¶ 49. Therefore, we remand to the district court to determine whether the claimed expert witness costs were reasonable. *See id.* at ¶ 60; *see also Scholz v. Metro. Pathologists, P.C.*, 851 P.2d 901, 910 (Colo. 1993) (remanding when the court failed to make reasonableness findings).

### 3. Court Reporter and Transcript Costs

¶ 27 Next, JRF argues that the district court failed to address its argument that Petruccelli could not recover transcript-related costs because the "case was simply a parking dispute," so there was no "compelling reason" for the costs. JRF's opposition argued that costs for transcribing depositions were improper absent a showing that "the deposition and its general content were reasonably

12

necessary." *Danko*, ¶ 84 (quoting *Cherry Creek Sch. Dist. No. 5 v. Voelker*, 859 P.2d 805, 813 (Colo. 1993)).

¶ 28 The court failed to address JRF's objection and the general reasonableness of the requested costs. Therefore, its findings are insufficient to support our meaningful review. *See id.* at ¶ 72. Accordingly, we remand for the district court to address the reasonableness of Petruccelli's requested transcript costs.

### 4. Travel Costs

¶ 29 Next, JRF argues that the district court should have addressed its objection to Petruccelli's requested travel costs for a contempt hearing at which Petruccelli did not prevail. JRF never objected to the reasonableness of these costs; its objection was premised on the fact that Petruccelli did not prevail. But "costs are not limited to the specific claims on which a party prevailed at trial." *Pat's Constr. Serv., Inc. v. Ins. Co. of the W.*, 141 P.3d 885, 890 (Colo. App. 2005). However, because the district court did not address the reasonableness of the claimed costs, we remand for it to do so.

### 5. Copying and Printing Costs

¶ 30 Finally, JRF argued that "copying and printing fees are not specifically provided for as costs under" section 13-16-122. But

section 13-16-122(1)(f) explicitly includes "fees for . . . copies of papers necessarily obtained for use in the case." This includes copying fees. *See, e.g., Perkins v. Flatiron Structures Co.*, 849 P.2d 832, 836 (Colo. App. 1992). Regardless, the includable costs in this section are "illustrative rather than exclusive." *Voelker*, 859 P.2d at 813. But because the court did not address the reasonableness of these costs, we instruct it to do so on remand.

### III. Appellate Attorney Fees and Costs

¶ 31 Both parties request their appellate attorney fees and costs under the SPA. For its part, JRF seems to contend that it is entitled to appellate attorney fees because it has a duty to indemnify and defend McGlone, its agent. JRF cites no legal authority for the premise that a principal's duty to indemnify its agent entitles it to appellate attorney fees, so we decline to award JRF appellate attorney fees on this basis. *See* C.A.R. 39.1.

¶ 32 In any event, because both sides received favorable rulings on some aspects of this appeal, the district court is in the best position to determine which party prevailed on appeal, if any, under the terms of the SPA for purposes of awarding appellate attorney fees. *See Ralph L. Wadsworth Constr. Co. v. Reg'l Rail Partners*, 2024

14

COA 78, ¶ 67, *rev'd on other grounds*, 2026 CO 19.  Similarly, because we affirm in part and reverse in part, we remand to the district court to determine the appropriate amount of appellate costs, if any, to award.  *See* C.A.R. 39(a)(4).

## IV.   Disposition

¶ 33    We affirm the district court's determination that Petruccelli was the prevailing party.  To the extent that the court held McGlone jointly and severally liable for attorney fees under the SPA, we reverse that part of its order and remand for it to clarify that only JRF is liable for Petrucelli's attorney fees.  We also reverse the court's costs award and remand for it to consider the reasonableness of Petruccelli's requested costs discussed here.  Finally, we remand for the district court to (1) determine which party, if any, is the prevailing party on appeal under the SPA for purposes of awarding appellate attorney fees and costs; and (2) award such fees and costs as appropriate.

JUDGE KUHN and JUDGE SULLIVAN concur.